ROSENBAUM REALTY CO. *et al. v.* TOLBERT.*

(Division A.   March 15, 1926.)

[107 So. 422.   No. 25494.]

MUNICIPAL CORPORATIONS.   *Owner of building from which came water on sidewalk, in which pedestrian fell, is not liable without showing of negligence.*

Recovery by one stepping and falling in water on sidewalk, is not warranted by mere showing that it came from defendants' building; but it must be shown to have been negligently caused or permitted to flow therefrom, and by a person for whose acts they are responsible.

---

*Corpus Juris-Cyc References:   Municipal Corporations, 28 Cyc, p. 1439, n. 34.

APPEAL from circuit court of Lauderdale county.
HON. R. M. BOURDEAUX, Judge.
Action by Mrs. M. I. Tolbert against the Rosenbaum Realty Company and others. Judgment for plaintiff, and defendants appeal. Reversed and judgment rendered.

*Jacobson & Brooks,* for appellants.

*This case should be reversed and a judgment rendered here for the appellants.* When the plaintiff fails to make out a case, the trial court should grant a peremptory instruction to the defendant. The appellee claims to have sustained injuries from having slipped upon a wet sidewalk in front of the entrance to appellants' building and that seems to be the only reason why she was awarded

damages. The verdict is not based upon negligence on the part of the defendant, because there was none whatever, and every idea of negligence on the part of the appellants is a mere inference or surmise, not based upon any facts proved in the case.

There is no attempt to prove that the appellants or their agents put the water in the lobby at the time the appellee said it was coming from the lobby. It must be remembered that the entrance to the Rosenbaum Building is used by the public at large in going into the building, and if it be a fact that water came from the entrance at the time, it may have been spilt or put there by some other person than the appellants or their agents, and there is no proof whatsoever as to who put it there, nor how long it remained there so as to charge the appellants even with notice thereof. Without proof that the appellants caused the water to be on the pavement and that the water being upon the pavement was the proximate cause of the accident, the appellee cannot legally recover against the appellants. 29 C. J., sec. 443, p. 679.

We call the court's attention to the following cases in which the duty of the appellants therein was a much higher duty than that which the appellants owed to the plaintiff in this case; because these cases refer to injuries occurring on the property of the defendant, while in the case at bar the accident was sustained in front of defendants' or appellants' property, as alleged by the appellee or plaintiff, and for which, to our minds, the defendants could not have been liable, unless they placed the obstacle there that proximately caused the plaintiff or appellee to be injured. *DeVelin* v. *Swanson et al.*, 72 Atl. 388 (R. I.); *Goddard* v. *Boston & M. R. Co.*, 60 N. E. 468; *Thompson Gro. Co.* v. *Phillips* (Colo., 1912), 125 Pac. 563; *Norton* v. *Hudner*, 213 Mass. 257, 100 N. E. 546, 44 L. R. A. (N. S.) 79; *Town of Union* v. *Heflin*, 104 Miss. 669; *Wilbourn* v. *Charleston Cooperage Co.*, 127 Miss. 290.

This case should be reversed and judgment rendered here for appellants.

*Charles B. Cameron,* for appellee.

The appellants contend that the court should. have granted it a peremptory instruction. The appellee testified that the water and slippery substance came out of the entrance to the Rosenbaum Building. But the appellants say that the court erred because there is no testimony at all that shows that the water upon which appellee claims to have slipped was placed on the sidewalk by the appellants or their agents. True it is that there was no direct testimony to the effect that this water was thrown on the sidewalk by the appellants or their agents and servants, but there are sufficient circumstances attendant upon this record that demonstrate beyond any question of a doubt that the water and slippery substance upon the sidewalk which caused the appellee to fall came from the entrance to the Rosenbaum Building in the process of cleaning.

Complaint is made at the refusal of the trial court to grant peremptory instruction because there is no evidence in the case to show that at any time the appellant placed any soapy matter in the water they used. The appellee testified that the water smelled like it had Red Devil lye in it and it was testified by the appellants that the water used in their lobby did contain a composition of some character, notably that of "wyandotte."

Any compound placed in water for the purpose of cleaning tile will naturally render the water greasy and slippery; and, regardless of whether you call it soap or wyandotte, the fact remains that this water and compound on the sidewalk rendered the sidewalk exceedingly slick, dangerous and unsafe to pedestrians in the use of same; and it will not avail the appellants to say that the particular water did not have any soap in it but contained another compound.

Argued orally by *Gabe Jacobson,* for appellants, and *C. B. Cameron,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The evidence, viewed most strongly for the appellee, simply shows that the water on the sidewalk into which the appellee stepped and fell came from the appellants' building, and does not warrant a finding that it was (1) negligently caused or permitted to flow therefrom (2) by a person for whose acts the appellants are responsible.

The peremptory instruction requested by the appellants should have been granted.

Reversed, and judgment here for the appellants.

*Reversed.*