EDWARD ST. PHILLIPS, Plaintiff-Appellant, v. TRENT O'DONNELL *et al.*, Defendants-Appellees.

Second District   No. 84—0787

Opinion filed October 21, 1985.—Rehearing denied November 21, 1985.

Paul Harrison Stacey, of Wheaton, for appellant.

Jerald M. Mangan and James F. Best, both of Fraterrigo, Best & Beranek, of Wheaton, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Edward St. Phillips, appeals from an order granting summary judgment for defendant, Allan Wasicki Enterprises, Inc., d/b/a T. McGee's.

The sole issue presented on appeal is whether defendant, as the lessee-operator of a tavern located in a shopping center, owes a duty

under the facts here to protect a patron, plaintiff, who has left the tavern premises, from the negligent or intentional harmful acts caused by a third person where defendant is placed on notice of the violent propensities of the third person and the assault upon plaintiff occurs on the common area of the shopping center used for parking for businesses of the shopping center.

Plaintiff's amended five-count complaint against defendant and one Trent O'Donnell generally sought to recover compensatory and punitive damages for injury plaintiff sustained after being kicked and beaten by O'Donnell. Counts I and II were against O'Donnell for negligence and an intentional battery. Count III was against defendant, alleging liability under the Liquor Control Act. Counts IV and V were against defendant under the theory of common law premises liability. This appeal concerns only counts IV and V, as the cause of action on the Liquor Control Act was dismissed upon settlement.

In count IV, plaintiff alleges that on November 28, 1982, O'Donnell, while a patron at defendant's, became obnoxious and violent, and assaulted and battered two patrons; that by reason of that conduct, defendant was placed on notice of a potential danger O'Donnell presented to other patrons; that defendant owed a duty to exercise reasonable care for the safety of its patrons from O'Donnell; and that defendant breached its duty by failing to provide for the safety of plaintiff who was injured by the unprovoked assault upon him by O'Donnell. Count V merely added that defendant willfully and wantonly breached its duty to plaintiff.

Following the filing of its answer, defendant moved for summary judgment essentially contending that it owed no duty to protect patrons outside its premises where, as here, the injury to plaintiff occurred in a common area of the shopping center. In support of its motion for summary judgment, defendant attached excerpts from the depositions of Allan Wasicki, Jeffrey Massengill, an employee of defendant, and plaintiff.

Briefly summarized, as there is no material dispute concerning the facts relevant to the issue presented on appeal, the deposition testimony shows that on November 28, 1982, plaintiff and O'Donnell were both patrons of T. McGee's, a tavern operated by defendant, located in a Hanover Park shopping mall. Shortly before midnight on November 27, or immediately after midnight in the early morning hours of November 28, O'Donnell became involved in two fights on the premises of T. McGee's with patrons other than plaintiff. After breaking up the second fight, Wasicki and Massengill escorted O'Donnell toward the front door of the premises. As O'Donnell neared the front door he

broke away, leaped across several tables and chairs in the tavern, and retrieved his coat. Wasicki and Massengill then regained control of O'Connell and escorted him out the front door of the tavern.

While in front of the tavern, Massengill told defendant to take off and watched as O'Donnell walked south into the parking lot away from the entrance of the tavern. When O'Donnell reached a point approximately 50 feet away from the front doors of the tavern, Massengill reentered the premises and closed the doors behind him.

Approximately four minutes after O'Donnell was escorted out of the building, plaintiff informed Massengill that he was going outside the tavern to move his car in the parking lot. As plaintiff was pulling his car into a second parking spot, closer to the front door of the tavern, he noticed O'Donnell approaching him from the south-southwest portion of the mall lot. As plaintiff exited his vehicle, O'Donnell dragged him out of the car and began kicking him until plaintiff became unconscious. Several minutes later plaintiff regained consciousness, again saw O'Donnell, and headed inside the tavern.

Also attached to defendant's motion for summary judgment was a copy of a photograph depicting where plaintiff's vehicle was parked in front of defendant's tavern at the time plaintiff was assaulted. In addition, defendant attached a copy of its lease which provides, in pertinent part, that the landlord grants defendant, its agents, employees, customers and invitees the right to use the common areas, such as the parking area, walkways and roadways in the shopping center in common with other tenants and occupants. It further provides that use of the common areas shall be subject to the rules and regulations of the landlord, and the manner of operation and maintenance of the common areas shall be at the sole discretion of the landlord.

Plaintiff filed a response to the motion for summary judgment which contained only legal arguments in support of a denial of the summary judgment motion. The trial court granted summary judgment for defendant on counts IV and V, finding that as the injury occurred off defendant's premises and in the common area, defendant had no duty to protect plaintiff under the circumstances of this case. A finding was made that there was no just reason for delaying enforcement or appeal, and plaintiff appeals pursuant to Supreme Court Rule 304(a). 87 Ill. 2d R. 304(a).

On appeal, plaintiff basically contends that Illinois decisions have held that a tavern operator may be found liable for failing to protect patrons from the acts of belligerent third persons when such a danger becomes apparent. (*E.g., Hayes v. O'Donnell* (1979), 76 Ill. App.3d 695, 395 N.E.2d 184; *Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195, 371

N.E.2d 125.) Plaintiff argues that, under the circumstances here, a duty was owed to him as an invitee by defendant who was a possessor of land even though such possession was shared or in common with other tenants over the common areas used by customers of the shopping center. He contends the imposition of a duty on defendant should exist, because the likelihood of injury was great, the magnitude of the burden to guard against assault was not great and the consequences of placing the burden on defendant are wholly beneficial to the plaintiff and other peaceable patrons.

In response, defendant maintains that its duty to protect plaintiff from the violent acts of third persons does not extend to the common parking area of the shopping center which is not a part of the premises it leases. Defendant relies upon its lease, which specifically provides that the parking area is a common area to be shared in its use by all shopping center tenants and that its operation and maintenance are within the sole discretion of the landlord.

It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff. (*Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, 208, 399 N.E.2d 596.) Whether there is a legal duty is a question of law to be decided by the courts. (*Ferentchak v. Village of Frankfort* (1985), 105 Ill. 2d 474, 480, 475 N.E.2d 822.) Toward an invitee, the owner or occupier of land must use reasonable care and caution to keep the premises reasonably safe for use for such invitee. (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 329, 383 N.E.2d 177; *Geraghty v. Burr Oaks Lanes, Inc.* (1955), 5 Ill. 2d 153, 157, 125 N.E.2d 47.) We also note that the common law "premises doctrine," under which an occupier's duty to entrants varies depending on whether the entrant is an invitee, licensee or trespasser (see *Pashinian v. Haritonoff* (1980), 81 Ill. 2d 377, 380-81, 410 N.E.2d 21), has now been abolished by the Premises Liability Act (Ill. Rev. Stat., 1984 Supp., ch. 80, par. 301 *et seq.*, eff. September 12, 1984), and the duty owed to invitees and licensees by an owner or occupier of premises is that of reasonable care.

The appellate court has held that while a tavern operator is not an insurer of his patrons' safety, the tavern operator, like the innkeeper, is in a special relationship with third persons on his premises which imposes a duty to take reasonable action to protect invitees from foreseeable dangers caused by third persons. (*Hayes v. O'Donnell* (1979), 76 Ill. App. 3d 695, 697, 395 N.E.2d 184; *Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195, 197, 371 N.E.2d 125; see also *Getson v. Edifice Lounge, Inc.* (1983), 117 Ill. App. 3d 707, 711-12, 453 N.E.2d

131; *Yangas v. Charlie Club, Inc.* (1983), 113 Ill. App. 3d 398, 401, 447 N.E.2d 484; *Gustafson v. Mathews* (1982), 109 Ill. App. 3d 884, 886, 441 N.E.2d 388; see generally *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 558-60, 328 N.E.2d 538; Restatement (Second) of Torts secs. 314A and 315 (1965); *Mitchell v. Archibald & Kendall, Inc.* (7th Cir. 1978), 573 F.2d 429; Svalina, *Pleading a Duty to Protect Persons from Criminal Attack in Illinois,* 73 Ill. B.J. 668 (1985).) The cited cases imposing such a duty involve factual situations where the act occurred on the tavern operator's premises or in a parking lot owned or operated by it. (See *Mitchell v. Archibald & Kendall, Inc.* (7th Cir. 1978), 573 F.2d 429, 436-38.) While plaintiff acknowledges this authority, he argues that defendant's shared right of possession of the common parking areas in the shopping center imposes the same duty.

We have not found, nor has plaintiff cited, any Illinois authority which would impose a duty on a tavern operator to protect its invitees from foreseeable dangers caused by third persons off the premises operated or controlled by the tavern operator. Nor have we found any Illinois cases deciding whether a tavern operator in a shopping center owes such a duty where his lease with the landlord allows him and his customers only the shared use of the common areas of parking. While there is some authority that an owner or operator of premises has a duty to provide a reasonably safe means of ingress and egress both on his premises and within limitations dictated by the facts of the case, beyond the precise boundaries of such premises (see, *e.g., McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 351, 272 N.E.2d 369), we do not find that limited authority analogous to the instant case.

■ It has been stated, in the context of an innkeeper's duty, that it "had no right to control its customers' actions once they were off the premises and therefore had no duty to control that conduct." (*Brunsfeld v. Mineola Hotel & Restaurant, Inc.* (1983), 119 Ill. App. 3d 337, 342, 456 N.E.2d 361.) Section 314(A) of the Restatement (Second) of Torts, comment C, at 119 (1965), generally states that an innkeeper is not under a duty to a guest who is injured or endangered while he is away from the premises.

■ In the instant case, defendant leased certain premises from its landlord pursuant to a written lease. The facts here indicate that the injury to plaintiff did not occur on the premises leased. The lease further provides that defendant, its agents, employees, customers and invitees are granted the right to use the common parking areas in the shopping center in common with other tenants and occupants.

However, the lease specifies that use of the common areas is subject to the rules and regulations of the landlord, and the manner in which the common areas shall be maintained and operated shall be at the sole discretion of the landlord. Thus, it is evident that the landlord under the lease expressly retained the control of the common areas, and defendant and its customers were given merely a right to use the common parking areas. Under these facts, defendant could not undertake measures to control the operation of the common parking areas in order to protect plaintiff and control third persons' actions once they were off the premises defendant leased. The landlord here has retained the right to control and to operate the common areas in the shopping center and is best able to prevent harm to others on the common areas. Additionally, this is not a case where defendant in fact exercised control over the common area or negligently performed a voluntary undertaking. See *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 74, 199 N.E.2d 769.

■ Accordingly, we reject plaintiff's argument that defendant's shared right to use the common parking areas imposes the same duty on defendant to protect plaintiff from foreseeable dangers caused by third persons as is applicable in situations on premises which it leases and operates. Normally, where only a portion of the premises is rented and the landlord retains control of other parts for the common use of tenants, the landlord has the duty to exercise reasonable care to keep those premises in a reasonably safe condition and is liable for a foreseeable injury from a failure to perform such duty. (See *Williams v. Alfred N. Koplin & Co.* (1983), 114 Ill. App. 3d 482, 485, 448 N.E.2d 1042.) On the facts before us, we find no legal duty owed to plaintiff by defendant, and affirm the trial court's granting of summary judgment in favor of the defendant.

Affirmed.

SCHNAKE and STROUSE, JJ., concur.