487 So.2d 793 (1986)
Romain WILSON
v.
James C. ALLDAY, et al.
No. 56172.
Supreme Court of Mississippi.
April 16, 1986.
Rehearing Denied May 21, 1986.
*794 W. Harvey Barton, Arvis V. Cumbest, Cumbest, Cumbest & Hunter, Pascagoula, for appellant.
John M. Kinard, Megehee, Brown, Williams & Mestayer, Pascagoula, for appellees.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This "slip and fall" case is appealed from the Circuit Court of Jackson County, wherein the appellant Romain Wilson sued National Food Stores for injuries sustained in a fall on appellee's parking lot. The jury returned a verdict for appellant and the trial judge granted a judgment notwithstanding the verdict for appellee.

STATEMENT OF FACTS
The facts in this case are basically undisputed. The appellee National Tea Company was doing business in Ocean Springs, Mississippi, as National Food Store, by operating a grocery store in a shopping center there. James C. Allday was manager of that store.
National Food Store (lessee) leased the building from Chrisler Properties (lessor). The lease agreement itself contained the following provision regarding the parking lot.
The premises under this lease include the free use of properly paved, lighted, drained, striped parking lot of approximately 300,000 square feet allowing for the parking of approximately 450 automobiles by Lessee, its customers, agents and employees. See approved plot plan "A" showing building and parking lot areas which is attached hereto and made a part hereof. Said parking lot to be used in conjunction with other customers *795 of Lessees in this development, if any, and Lessor agrees to maintain, light and remove snow from all parking area.
On August 18, 1980, the appellant, a business invitee, stopped at the National Food Store in Ocean Springs to shop. Her bagged purchases were placed in a shopping cart belonging to National Food Store. As appellant proceeded toward her car with the cart full of groceries, the front wheel of the cart hit a pothole in the parking lot causing it to overturn. When appellant held on to the cart in an attempt to keep it from falling, she injured her back as the cart pulled her to the ground. The appellant sustained bodily injuries resulting in back surgery, approximately 3 1/2 years later. She incurred medical bills totalling $13,596.73.
The appellant filed an accident report with the manager of the store the day following the accident. Insurers for Chrisler Properties (lessor) paid $200 for appellant's medical bills.
Appellant later learned that in April 1980, another patron of the store had fallen in the parking lot under similar circumstances and Chrisler Properties had paid medical expenses to that party also. The store had reported the accident to Chrisler Properties, who then assumed responsibility for repairing the holes in the parking lot at that time.
Appellant subsequently filed an action against James C. Allday, individually, and as manager of the store, National Tea Company, d/b/a National Food Store of Ocean Springs, and Chrisler Properties, a Mississippi unincorporated partnership. The appellant sued on grounds of negligence and sought $175,000 damages for personal injuries. Appellant voluntarily dismissed Chrisler Properties as a defendant in the suit. Following the trial, the judge directed the verdict for James Allday individually and the case was submitted to the jury, which returned a verdict of $32,000. The circuit court judge thereafter entered an order for a judgment notwithstanding the verdict.
The appellant assigns the following errors:
I. THE TRIAL COURT WAS IN ERROR IN GRANTING THE APPELLANT'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, WHICH JUDGMENT AS ENTERED BY THE COURT WAS CONTRARY TO THE LAW AND THE EVIDENCE.
The main issue in this case is whether a lessee would be liable to a third party for injuries received on property incidental to (but not on) demised property (common area  parking lot) which lessor had agreed to maintain in good repair. An examination of the relevant law would indicate that the liability of the lessee would depend on whether or not the lessee exercised control of the premises in question.
In this case, National Food Store leased a building in the shopping center owned by Chrisler Properties and two adjacent buildings in the center were leased to other businesses. The lease agreement with National Food Store included free use of the parking lot to be maintained by the lessor for the use of the lessees and customers of the lessees.
The judge in this case was of the opinion that the said parking lot was made available for the common use of all tenants and by contractual agreement was in the possession and under the control of the lessor. This being so, there would be no duty owing to invitees by the lessee.
The established law in this state is that the owner, occupant or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning invitee of dangerous conditions not readily apparent which owner knows or should know of in the exercise of reasonable care. Downs v. Corder, 377 So.2d 603 (Miss. 1979); J.C. Penney Co. v. Sumrall, 318 So.2d 829 (Miss. 1975); Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267 (Miss. 1970); 65 C.J.S. Negligence § 63 (45) (1966). However, the owner, occupant or person in charge of property is *796 not an insurer of the safety of an invitee  where the invitee knows or should know of an apparent danger, no warning is required. J.C. Penney Co. v. Sumrall, supra; Jackson Ready-Mix Concrete v. Sexton, supra.
A landlord/lessor has no obligation to make repairs to leased premises at all, even if they are necessary, in the absence of a contract to do so. Ford v. Pythian Bondholders, 223 Miss. 630, 78 So.2d 743 (1955). Where the lessor reserves control over a designated area for common use of tenants and is negligent, lessor is liable for resulting injury. However, the lessor must have actual or constructive knowledge of the defect and a sufficient opportunity to repair the same. Turnipseed v. McGee, 236 Miss. 159, 109 So.2d 551 (1959).
Where the lessor is in legal possession of the premises to be kept in repair and has the right and privilege of entry for inspection, then notice of the defect by the lessee should not be a condition precedent to lessor's liability. See Hurst v. English, 357 So.2d 132 (Miss. 1978).
In the case sub judice, the lessor assumed the duty to maintain and was free to make inspections of the property as reasonably necessary. The contractual agreement to maintain the property was not contingent upon notice by lessee.
A number of cases have held that in the absence of a controlling statute (as here) the lessee of a business establishment within a shopping center is not liable for injuries sustained by a patron on property not included in the leasehold, where a provision of the lease gave the lessor the duty to maintain the area in question. Underhill v. Shactman, 337 Mass. 730, 151 N.E.2d 287 (1958); Beaney v. Carlson, 174 Ohio St. 409, 189 N.E.2d 880 (1963); Howe v. Kroger, 598 S.W.2d 929 (Tex. 1980).
Nevertheless, it is more generally held that liability runs with possession and control of the property.
§ 12. Liability of the occupant or possessor, generally.
Occupation, or possession, and control is usually one of the attributes that must be shown as a basis for liability on the part of an owner or occupant of premises for injuries resulting from the condition of the premises. The liability of an occupant of real estate for injuries caused by a dangerous or defective condition of the premises depends generally upon his control of the property, whether or not he has title thereto and whether or not he has a superior right to possession of property which is in the possession and control of another.
(62 Am.Jur.2d Premises Liability § 12)
It is a settled principle of law that an owner or occupant of lands or buildings who directly, or by implication, invites or induces others to go upon the land or in buildings, owes to such persons the duty to have the premises in a reasonably safe condition and to give warning of latent or concealed perils and defects, and there is nothing in the relation of landlord and tenant which changes this rule. At common law, a tenant in full and complete control of premises which he occupies owes the same duty to persons coming there upon his invitation, express or implied, to keep such premises in a reasonably safe condition as he would if he were the owner, and is prima facie liable for damages proximately caused by defects in or dangers on the premises that reasonably could have been avoided by appropriate care... .
(49 Am.Jur.2d Landlord & Tenant, § 982)
The liability of a tenant for personal injuries to invitees and others lawfully on the demised premises generally depends on his control and possession of the premises and his power to prevent the injury; and each case must be decided on its own facts. Broadly speaking, the obligation owed to third persons by a tenant in possession of demised premises is the same as the obligation owed to third persons by an owner of premises who is in possession thereof. Accordingly, as a general rule, where the tenant has such *797 control, he has the duty toward persons lawfully using the premises to exercise the care of an ordinarily prudent person to keep the premises in a reasonably safe condition, and he will be liable for injuries resulting from a breach of such duty. However, the tenant is not an insurer of the safety of such persons. (52 C.J.S. Landlord & Tenant § 434)
Where only part of a building or related premises is occupied by a tenant, but he has full control and possession of such part, he is, as to the public, under the duty of keeping his portion of the premises in repair, and he will be liable for injuries resulting from its unsafe condition to a person lawfully thereon. Thus he will be held so liable for injuries to one such as a cotenant or those under him. The duty of care applies even though the landlord may also have some control over the particular facility and is also liable for the injury. The duty of the tenant includes the duty to warn his invitees of any latent dangerous condition or defects on the premises.
Thus, it has been held that a tenant may be responsible for the condition of approaches and stairways, or a parking area. His duty or responsibility also applies to parts of the premises used in common with other tenants which they are all obliged to maintain... . (52 C.J.S. Landlord & Tenant, § 436.)
If the lessee's use of the premises was tantamount to possession and control, then the lessee owed a duty of ordinary and reasonable care to its invitees upon the premises. Whether there was a breach (notice, dangerous conditions, etc.) becomes a question of fact. Conversely, if lessee's use of the lot did not constitute control, there would be no duty owed and therefore no cause of action.
In Stanley v. Morgan & Lindsey, Inc. 203 So.2d 473 (Miss. 1967), a patron in a shopping center fell in the parking lot after exiting a Morgan & Lindsey store. The building and parking lot were owned by the defendant West Biloxi Realty Corporation. The Court addressed and resolved the issue on the basis of a failure to show negligence on the part of the lessor and lessee, apparently holding both liable for the injury. That Court obviously surmised that where a store maintains a sidewalk and parking lot for the use of its customers and invites the customers to use same, it owes a duty of care to those persons invited onto the premises.
It is true that while a business establishment maintains the sidewalk and parking lot for the use of its customers, it owes them the duty to keep the premises in a reasonably safe condition and must exercise care for their safety. The owner of a business is not an insurer of the customers using the parking lot and sidewalks, and is not liable for injuries caused by conditions which are not dangerous or which are or should be known or obvious to the customer. 65 C.J.S., Negligence § 63 (130) (1966).
(203 So.2d at 476).
Whether or not there was a known obvious danger was a question to be resolved by the jury. Appellant argues that appellee did, in fact, have possession and exercised control of the parking lot in that appellee had erected a cart corral there and its employees went onto the lot at least twelve times each day to gather its carts. Further, it invited customers to park in the lot in front of the store and instructed its employees to park in other designated areas on the lot. Appellant contends that appellees' presence and activities on the lot put it in the position to know of dangers and thereby gave rise to a duty to at least warn its invitees of those dangers.
Appellant relied heavily on Jackson v. K-Mart Corp., 182 N.J. Super. 645, 442 A.2d 1087 (1981), wherein defendant fell on a sidewalk in front of the store which connected it with a parking lot because of an accumulation of ice and snow. The court held that the store was not entitled to a summary judgment because its liability was concurrent with that of the owner. K-Mart leased the store, but another defendant was responsible for maintenance of *798 the sidewalk. In addressing the issue that court stated:
The tenant would escape liability on the grounds that it did not own the sidewalk and that the owner had assumed responsibility for its maintenance. These circumstances invite the following conclusions of law and policy:
(1) The operator of a commercial establishment must provide reasonably safe premises for business invitees.
(2) No distinction should be made between the operator-owner and the operator-tenant, since in either case it is the operator who is in the best position to discover any dangerous condition.
(3) The duty to provide reasonably safe premises includes a duty to provide a safe path of egress from the premises. (442 A.2d at 1090).
It would appear that a tenant/lessee/occupier of premises owes a duty of reasonable care to its invitees for the demised property and such necessary incidental areas substantially under its control (as the parking lot) and which he invites the public to use, notwithstanding a maintenance agreement with the landlord. While such agreement may serve as the basis for recovery against the lessor, it does not absolve the lessee of his duty to his invitees under the circumstances.
§ 985. Effect of covenant to repair.
The common-law liability of a tenant of premises, as between himself and third persons or the public, to keep the premises in a reasonably safe condition for persons who lawfully go upon the premises by express or implied invitation, applies even though the lessor had covenanted to keep the premises in repair; the fact that the landlord has expressly covenanted with the tenant to keep the demised premises in repair does not take away the right of a third person injured in consequence of neglect to keep the premises in repair to sue and recover from the tenant for the injury. Whatever may be the rights and duties respectively of landlord and tenant, as between themselves, the latter cannot, by terms of the lease be discharged from the duty to his guests or customers of caring for their safety.
(49 Am.Jur. Landlord & Tenant § 985.)
If the lessees occupied and controlled the premises in question, then there was a duty concurrent with both the lessee and lessor to repair the dangerous condition or to warn invitees coming onto the premises. The judge was correct in submitting this issue to the jury for determination. The jury apparently concluded that the store controlled the property and therefore owed a duty to the appellant.
REVERSED AND JUDGMENT ENTERED HERE FOR APPELLANT IN THE AMOUNT OF $32,000. CROSS APPEAL DISMISSED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.