820 So.2d 3 (2002)
BROOKHAVEN FUNERAL HOME, INC., Appellant,
v.
Deborah HILL and City of Brookhaven, Mississippi, Appellees.
No. 2000-CA-01126-COA.
Court of Appeals of Mississippi.
January 15, 2002.
Rehearing Denied March 19, 2002.
Certiorari Denied June 27, 2002.
*4 Charles R. Wilbanks, Jr., Jackson, Kimberly Pine Turner, Attorneys for Appellant.
Laurie R. Williams, Ridgeland, Patricia H. Cottingham, Jackson, Attorneys for Appellee.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Deborah Hill brought suit for injuries suffered when she fell on a sidewalk in front of Brookhaven Funeral Home. On appeal, the funeral home argues that no proof was introduced that the sidewalk on which she fell was under its ownership or control. We agree and reverse and enter judgment for Brookhaven Funeral Home. Issues regarding the funeral home's potential right of indemnification from the City of Brookhaven are thus moot.

FACTS
¶ 2. On April 1, 1997, Deborah Hill attended her grandfather's funeral. Hill parked her automobile in Brookhaven Funeral Home's lot. In order to enter the funeral home from this lot, a person needed to cross a street and continue on a concrete walkway that had an initial slope up towards the entrance. Hill entered without incident. She later exited in order to have her vehicle placed behind the hearse in the funeral procession. It was her testimony that while she was walking down the sidewalk on the portion that sloped towards the street, her foot "went out from under [her] and [she] turned completely around." At trial Hill could not identify what caused her to fall. She specifically refused to say that her fall was caused by a crack that was located in the middle of the sidewalk. Hill was transported by ambulance to a hospital. She later received surgery on her elbow and had several months of rehabilitation. Hill suffered considerable pain and also lost wages as a result of the injury.
¶ 3. The funeral home notified the City of Brookhaven of this injury. It requested that the City construct steps to replace the initial sloped section of the sidewalk. The funeral home offered to pay for the concrete. The offer was accepted and City employees broke out the old sloping sidewalk and replaced it with a walk containing two concrete steps. In addition to the steps constructed by the City, the funeral home asked for permission to place a handrail in the middle of the steps. Permission was granted and the funeral home installed the handrail.
¶ 4. The only evidence as to ownership of the sidewalk came from the funeral home and from an admission in discovery by the City. Both agreed that the City owned the property on which the relevant sidewalk was located.
*5 ¶ 5. Hill brought suit against the funeral home, who in turn brought a third party complaint for indemnity against the City. No claim was brought by Hill directly against the City. By statute, the funeral home's claim against the City was to be resolved by the trial judge. Miss.Code Ann. § 11-46-13 (Supp.2001). After a trial, the jury found the funeral home liable to Hill for $75,000. The trial judge held that the City had no indemnity obligation. The funeral home appeals.

DISCUSSION

1. Legal issues at trial
¶ 6. There were three individuals or entities potentially at fault in this accident. The plaintiff herself could have been negligent. There was testimony that during the fifteen years preceding this accident, perhaps 35,000 people had used this sidewalk to access the funeral home and Hill was the only one to fall. However, the jury found that Hill in no way negligently contributed to her own injuries. The other two possibilities were the funeral home and the City. The fault of either of the latter two required showing which one owned or controlled the premises on which some defective condition existed. Hill's attorney chose the funeral home as the sole defendant.
¶ 7. Under Mississippi practice, the funeral home did not have the right to join the City as a codefendant just because the City might instead have been the one liable to the plaintiff Hill. Narkeeta Timber Co., Inc. v. Jenkins, 777 So.2d 39, 42 (Miss. 2000). The selection of defendants is in this state's practice solely the prerogative of the plaintiff. However, the funeral home could and did file a claim against the City for indemnity. M.R.C.P. 14(a) (defendant may bring into suit a party who "may be liable to [the defendant] for all or part of the plaintiff's claim against him").
¶ 8. Therefore, insofar as the outcomes available in this case were concerned, the funeral home, if found to have some degree of fault, could be made to compensate Hill for that percentage fault. Miss.Code Ann. § 85-5-7(7) (Rev.1999). In addition, if the City were found to have some obligation to indemnify the funeral home, that could have been ordered. M.R.C.P. 14. On the other hand, since Hill did not herself sue the City, any responsibility that the City might have had to Hill could not have resulted in a judgment requiring a payment from the City to Hill. Estate of Hunter v. General Motors Corp., 729 So.2d 1264, 1275-76 (Miss.1999). As to Hill's attempt to assess fault in this suit, the City was not a party. There is no issue made on appeal of whether the jury should have been given an instruction to consider allocating a measure of fault to the City as a potential absent tortfeasor responsible to Hill. Id.
¶ 9. Hill's suit against the funeral home was for its alleged failure to maintain premises in a reasonably safe condition. Therefore, the defect must be to premises for which the funeral home has sole or shared legal responsibility, not just to property in the vicinity of the funeral home.
¶ 10. Whether the funeral home had responsibility for this sidewalk begins with understanding the physical setting. To enter the funeral home, Hill left her vehicle at a parking lot and then walked across a City street. She then stepped up from the curb onto a sidewalk. This was the sloping sidewalk on which the alleged defect existed. It was perhaps ten feet wide and extended the five or six feet from the curb to connect to the sidewalk that runs parallel to the street along this side of the funeral home's block. We will call these *6 the "sloping" and the "parallel" sidewalks. Except for a few connecting sidewalks such as the one in question here, grass separates the street and curb from the parallel sidewalk. She first stepped onto the sloping sidewalk when she stepped up over the curb. After walking on it the five or six feet until it connected to the sidewalk that parallels the street, then crossing over the width of the parallel walk, she stepped onto a narrower section of sidewalk that extended the remaining distance to the front of the funeral home itself.
¶ 11. Hill did not fall when she first used the sidewalks. At a later time, Hill retraced her steps and fell on the sloping sidewalk near the street. It was her burden to prove that the cause of her fall was a defective condition for which the funeral home was responsible. If such responsibility existed, then the funeral home also had an opportunity to prove that it should be indemnified by the City. Since Hill did not sue the City, though, if the City were solely responsible for the defect and not just derivatively so, no compensation from the City could be awarded in this litigation.

2. Ownership and control of sidewalk
¶ 12. The fulcrum on which this appeal turns is whether there was evidence to make a jury question of the funeral home's responsibility for defects in the segment of sidewalk on which Hill fell.
¶ 13. A municipality has "a nondelegable duty to maintain its sidewalks and other public ways in a reasonably safe condition." Bell v. City of Bay St. Louis, 467 So.2d 657, 659 (Miss.1985). As other premises owners but subject to some statutory restrictions, a city may be held responsible for injuries arising from unsafe conditions. City of Tupelo v. Martin, 747 So.2d 822, 828 (Miss.1999). Private landowners are similarly responsible for the sidewalks that they own or maintain. Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473, 476 (Miss.1967). An abutting landowner is liable for the injuries on a municipal sidewalk only if its tortious conduct causes a dangerous condition on the sidewalk to arise. Rosenbaum Realty Co. v. Tolbert, 142 Miss. 710, 711, 107 So. 422, 423 (1926).
¶ 14. Who owned or controlled the sidewalk on which Hill fell was part of her necessary prima facie case. In order to prove "liability on the part of an owner or occupant of premises for injuries resulting from the condition of the premises," a plaintiff must, as a preliminary matter, show that the defendant had occupation or possession and control. Wilson v. Allday, 487 So.2d 793, 796 (Miss.1986). Consequently, Hill was required to show the funeral home's legal relationship to the allegedly dangerous segment of sidewalk.
¶ 15. On appeal, Hill claims that there was a factual dispute over ownership, possession or control, and the jury resolved the controversy in her favor. What the record reflects, however, is that the only evidence on this issue revealed that this was the City's sidewalk. One witness called by Hill was Michael Hemphill, who saw Hill fall. His testimony and that from other witnesses including Hill identified the portion of sidewalk on which Hill fell as identical to the segment that the City replaced after Hill's accident and that the City admitted that it owned. A survey entered into evidence by the funeral home also revealed that the sidewalk was owned by the City of Brookhaven.
¶ 16. Hill alleges that a jury question as to control and possession of the sloping sidewalk was made by the fact that the funeral home took the initiative after the accident to request that the City make improvements. The funeral home then paid for the concrete and installed a handrail. *7 In fact, this evidence proves the opposite. No one disputes that the City performed the work and did so on its own property, the very property on which Hill testified that she fell. We do not find that the fact that the funeral home was willing to pay for the concrete as an inducement to get the City to make this improvement equates to evidence of ownership, possession or control. The evidence in fact supports that the funeral home considered that the City had control over upgrading of the sidewalk. The City's actions were an acceptance of that control.
¶ 17. Since ownership and control were clear, the City had a non-delegable duty to maintain the walkway. Since there were now steps instead of a slope, the funeral home asked if it could add a handrail in the middle. If in the future some defect in the handrail is said to cause injury, then the fact that the funeral home made that improvement to the City's sidewalk might be relevant. We find no relevance to this evidence in assessing fault for Hill's injuries.
¶ 18. In summary, these are the items of evidence that arguably created a fact question about the funeral home's ownership, possession or control of the sloping sidewalk.
1) The funeral home notified the City after Hill's fall that improvements should be made.
2) The funeral home agreed to pay for the concrete if the City would construct steps to replace the sloping sidewalk.
3) The funeral home gained permission from the City to add a handrail.
4) The sidewalk is adjacent to the funeral home.
¶ 19. We find nothing in these facts to create an issue for the jury. Municipal sidewalks will be adjacent either to private property or to other governmental property. Proximity is the unavoidable reality of sidewalks and does not by itself create a fact issue on ownership or control. Postinjury efforts to improve the walk were consistent with the City's ownership and control over the property; all the funeral home did was offer to pay for the concrete as an incentive for the discretionary action of the City. The post-accident handrail is similarly ineffective to prove the funeral home's liability.

3. Conclusion
¶ 20. Since the funeral home's occupation or ownership of the sidewalk was never shown, we reverse and enter judgment for Brookhaven Funeral Home. The separate issue of the City's possible obligation to indemnify the funeral home is therefore moot and we do not address it. What we have held should not be read as resolving whether Hill has a claim against the City since such a claim has not been made in this case.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY REQUIRING THAT BROOKHAVEN FUNERAL HOME, INC. PAY $75,000 TO DEBORAH HILL IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLEES.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.