ISHEE, J.,
for the Court.
¶ 1. The Circuit Court of Hinds County entered summary judgment in favor of Blockbuster, Inc., and Crystal Adams. The circuit eoui’t found that Kathy Virginia Ray had presented no material facts on the issue of duty regarding her claim of negligence against Blockbuster and Adams. Aggrieved, Ray appeals. She argues that the circuit court erred in relying on Brookhaven Funeral Home, Inc. v. Hill, 820 So.2d 3 (Miss.Ct.App.2002) as authority in issuing its ruling and, therefore, erred in granting summary judgment.
¶ 2. Finding that the circuit court was in error when it granted summary judgment to Blockbuster and Adams, we reverse the judgment of the circuit court and remand the case for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 3. In April 2002, Ray exited a Blockbuster video store franchise in Clinton, Mississippi. While she was stepping down from the curb that separated the walkway in front of the franchise from the parking lot, she fell into a pothole, injuring herself. Ray subsequently filed a negligence claim against the owner of the franchise — Crystal Adams; the parent company of the franchise where she was injured — Blockbuster, Inc.; and the company that managed the development where the franchise was located — Madison Development (Madison).
¶ 4. Madison settled with Ray during the early stages of litigation, leaving only Blockbuster and Adams as defendants. Before trial, Blockbuster filed a motion for summary judgment in the circuit court, arguing that it lacked any legal duty to warn Ray of the pothole because it lacked the necessary possession and control over the parking lot needed to give rise to liability.
¶ 5. Ray responded to the motion for summary judgment, claiming that she presented issues of material fact and citing the lease between Madison and Blockbuster in support of her position. Specifically, she refers to paragraph ten, which reads as follows:
Lessee agrees to and does hereby indemnify and save Lessor harmless against any and all claims, demands, damages, costs and expenses, including reasonable attorneys’ fees for the defense thereof, arising from the conduct or management of the business conducted by Lessee in the demised premises, or from any breach or default on the part of Lessee in the performance of any covenant or agreement on the part of Lessee to be performed, pursuant to the terms of this lease, or from any act or negligence of Lessee, its agents, contractors, servants and employees, in or about the demised premises, the sidewalks adjoining same and the other areas of the shopping center used by Les *424 see in common with others. In the event any action or proceeding is brought against Lessor by reason of any such claim, Lessee covenants to defend such action or proceeding.
The lease also required Blockbuster to maintain general liability insurance “for the benefit and protection of Lessor in an amount not less than $200,000.00 for injuries to any one person, and not less than $500,000.00 for injuries to more than one person ... arising out of any one accident or occurrence.” The insurance policy was to cover “the demised premises, the sidewalks adjoining the same[,] and other areas of the shopping center.” Ray pointed out that the lease contemplated that Blockbuster’s customers would use the parking lot. Also, she argued that according to an answer to her requests for admission, Blockbuster knew about the defect for over a month, and it admitted that there were no signs warning about the defect.
¶ 6. The circuit court found that there was no genuine issue of material fact on the issue of duty, but the court did not make any other findings. The circuit court granted Blockbuster’s motion for summary judgment, citing Brookhaveu in support of its judgment. It is from that judgment that Ray now appeals.
STANDARD OF REVIEW
¶ 7. We review a lower court’s grant of summary judgment de novo. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶9) (Miss.2002). In reviewing a grant of summary judgment, we view the evidence in the light most favorable to the nonmoving party, and examine all evidentiary matters before the lower court at the time the judgment was granted. Id. at 1177(¶ 9). If no genuine issue of material fact exists upon review, then a grant of summary judgment in favor of the moving party is appropriate. Id.
DISCUSSION
¶ 8. The only issue that Ray currently presents on appeal is whether the circuit court erred in granting summary judgment in favor of Blockbuster and Adams. She argues that the circuit court erred in relying on Brookhaven when instead the court should have looked to Wilson v. All-day, 487 So.2d 793 (Miss.1986) when ruling on the motion.
¶ 9. In this case, we are confronted with a question concerning under what circumstances, if any, a lessee may potentially be held liable to a third party for injuries sustained on property incidental to, but not on, the leased property. Here, the leased property consists of the building space leased by the Blockbuster franchise; the incidental property consists of the parking lot where Ray was injured. The third party in this case is Ray, a business invitee.
¶ 10. The prevailing law in this state is that liability can be imposed on a lessee for injuries sustained by invitees, regardless of the contractual relationship between the lessor and the lessee, so long as the lessee exercised some degree of possession and control over the property. Wilson, 487 So.2d at 797. In Wilson, a woman leaving a grocery store was injured when her shopping cart became caught in a pothole in the parking lot. Id. at 795. The grocery store shared the parking lot with other businesses, and the lease agreement between the grocery store (as lessee) and the owner of the development (as lessor) specified that the owner of the development would keep the parking lot in good repair. Id. at 794-95.
¶ 11. In holding that the grocery store could potentially be held liable for injuries sustained by its customers in the parking lot, the Wilson court stated that: “If the *425 lessee’s use of the premises was tantamount to possession and control, then the lessee owed a duty of ordinary and reasonable care to its invitees upon the premises. Whether there was a breach (notice, dangerous conditions, etc.) [then] becomes a question of fact.” Id. at 797. However, “if the lessee’s use of the lot did not constitute control, there would be no duty owed and[,] therefore[,] no cause of action.” Id. The Wilson court found that “a tenant may be responsible for the condition of approaches and stairways, or a parking area.” Id. (quoting 52 C.J.S. Landlord & Tenant, § 436 (1966)). In summarizing its holding, the Wilson court stated:
It would appear that a tenant/lessee/occupier of premises owes a duty of reasonable care to its invitees for the demised property and such necessary incidental areas substantially under its control (as the parking lot) and which he invites the public to use, notwithstanding a maintenance agreement with the landlord. While such agreement may serve as the basis for recovery against the lessor, it does not absolve the lessee of his duty to his invitees under the circumstances.
Id. at 798. Of importance in the supreme court’s ruling was the fact that the grocery store in Wilson had constructed a shopping cart corral in the parking lot, which the store expected its customers to use and which its employees visited at least twelve times a day. Id. at 797. Aside from the shopping cart corral, the only other fact supporting the grocery store’s possession and control of the parking lot in Wilson was the fact that the store invited its customers to park in the lot. Id.
¶ 12. The facts of the present case comport well with those of Wilson. In this case, Blockbuster leased space in a retail development from Madison. The development contained a parking lot, which was made available for use by the patrons and employees of the several businesses leasing space in the development, including Blockbuster. The lease agreement between Blockbuster and Madison provided that Madison was responsible for the maintenance and upkeep of the parking lot. However, an amendment to the lease also provided Blockbuster with a right to erect a sign in the parking lot. Additionally, the lease required Blockbuster to carry its own insurance covering accidents or occurrences on “the demised premises, the sidewalks adjoining the same[,] and other areas of the shopping center.” Blockbuster was further required to defend suits arising from its acts or negligence stemming from its rights in the parking lot and from suits “arising from the conduct or management of the business conducted by [Blockbuster].” According to the lease, Blockbuster’s duty to defend also applied “in or about the demised premises, the sidewalks adjoining same and the other areas of the shopping center used by [Blockbuster] in common with others.”
¶ 13. Furthermore, the accident did not occur in a remote area of the parking lot. The Appellees admitted in response to the requests for admission that the defect in the parking lot, which Ray alleged was just at the edge of the sidewalk, existed within twenty feet of the store. The Appellees also admitted that the defect had existed in front of the store for over a month. However, they claimed that they had notified Madison, which, according to the lease, was responsible for repairing any defects in the parking lot. A lessor’s duty to repair defects may, of course, serve as the basis for recovery against the lessor; however, the lessee may also have a duty to its invitees concerning any incidental areas substantially under its control. Wilson, 487 So .2d at *426 798; see also Doe v. Cloverleaf Mall, 829 F.Supp. 866, 870 (S.D.Miss.1993).
¶ 14. On the other hand, the situation in this case is distinguishable from the one presented in Brookhaven, which was the only authority the circuit court relied on in granting summary judgment. In Brook-haven, the accident occurred on a sidewalk adjacent to a funeral home. Brookhaven, 820 So.2d at 4(¶ 2). This Court found that the plaintiff did not present sufficient evidence that the funeral home exercised any possession or control over the sidewalk. Id. at 7(¶ 19). The sidewalk in Brookha-ven was in no way connected to the funeral home other than the fact that it was adjacent to the building. Id. Furthermore, the fact that the funeral home offered to pay for the concrete to create steps on the dangerous portion of the sidewalk and also received permission from the city to install a handrail after the accident did not show that the funeral home exercised any possession or control over the sidewalk. Id. at 6-7(¶ 16). To the contrary, this Court found that those facts proved that the City solely possessed and controlled the sidewalk. Id. at 7(¶ 16).
¶ 15. As the supreme court found in Wilson, we find that Ray presented sufficient evidence to create a question of material fact for a jury to determine whether Blockbuster exercised the requisite possession and control over the parking lot to create a duty to warn its customers of a known dangerous condition in the parking lot directly in front of the store’s entrance. This is not to say that Ray has proved that Blockbuster exercised any possession and control over the parking lot, merely that she presented sufficient evidence to create an issue of material fact. Summarized, the facts that Ray presented included the following: (1) the lease provisions requiring Blockbuster to maintain insurance and to defend claims arising out of incidents on the leased premises and surrounding areas, (2) Blockbuster’s right to erect a sign in the parking lot, (3) the close proximity of the parking lot defect to the store’s entrance, (4) the fact that the defect existed in front of the store for more than a month without any attempt to repair it, and (5) the fact that Blockbuster’s customers and employees were permitted to use the parking lot. We find that these facts, when taken together, were sufficient to create a question of material fact as to whether the Appellees owed any duty to Ray to warn about the allegedly dangerous condition stemming from them interest in the parking lot.
¶ 16. We conclude that Ray presented sufficient evidence of the Appellees’ possession and control of the parking lot to survive the motion for summary judgment; therefore, the circuit court erred in granting summary judgment in favor of Blockbuster and Adams. Accordingly, we reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER AND BARNES, JJ„ CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND CARLTON, JJ.