GRIFFIS, J.,
dissenting.
¶ 18. Because I believe the majority has misconstrued Wilson v. Allday, 487 So.2d 793 (Miss.1986), I respectfully dissent.
*427 ¶ 19. The majority cori*ectly states the holding of Wilson. However, the opinion fails to correctly apply the law to the facts. First, the Wilson court framed the issue as follows:
whether a lessee would be liable to a third party for injuries received on property incidental to (but not on) demised property (common area-parking lot) which lessor had agreed to maintain in good repair. An examination of the relevant law would indicate that the liability of the lessee would depend on whether or not the lessee exercised control of the premises in question.
Wilson, 487 So.2d at 795 (emphasis added). The court then held that:
If the lessee’s use of the premises was tantamount to possession and control, then the lessee owed a duty of ordinary and reasonable care to its invitees upon the premises. Whether there was a breach (notice, dangerous conditions, etc.) becomes a question of fact. Conversely, if lessee’s use of the lot did not constitute control, there would be no duty oived and therefore no cause of action.
Id. at 797 (emphasis added). The opinion ends with the following holding:
If the lessees occupied and controlled the premises in question, then there toas a duty concurrent with both the lessee and lessor to repair the dangerous condition or to warn invitees coming onto the premises. The judge was correct in submitting this issue to the jury for determination. The jury apparently concluded that the store controlled the property and therefore owed a duty to the appellant.
Id. at 798 (emphasis added).
¶ 20. Here, the parking lot was not part of Blockbuster’s leasehold. Thus, Blockbuster could have only breached a duty owed to business invitees if it controlled the portion of the parking lot where Ray fell. The majority finds that “Ray presented sufficient evidence to create a question of material fact for a jury to determine whether Blockbuster exercised the requisite possession and control over the parking lot to create a duty to warn its customers of a known dangerous condition in the parking lot directly in front of the store’s entrance.”
¶ 21. The majority’s conclusion that Blockbuster presented sufficient evidence of possession and control is based on five factual statements:
1. The lease provision requiring Blockbuster to maintain insurance and to defend claims arising out of incidents on the leased premises and surrounding areas,
2. Blockbuster’s right to erect a sign in the parking lot,
3. The close proximity of the parking lot defect to the store’s entrance,
4. The fact that the defect existed in front of the store for more than a month without any attempt to repair it, and
5. The fact that Blockbuster’s customers and employees were permitted to use the parking lot.
¶ 22. Only the first two factual statements-that the lease (1) required Blockbuster to maintain insurance and to defend claims arising out of incidents on the leased premises and surrounding areas and (2) provided Blockbuster the right to erect a sign in the parking lot-could possibly support a claim against Blockbuster. However, neither of these facts indicate possession and control over the parking lot.
¶ 23. The last three statements simply do not evidence “possession and control” over the parking lot. Clearly, the parking *428 lot where Ray fell was at a location both owned and controlled by Madison regardless of how close it was to Blockbuster. The lease agreement granted Blockbuster only the rights of control and possession over the interior portion of the store. The lease expressly refused to extend Blockbuster any control of the adjacent parking lot. The parking lot was made available for use by the patrons and employees of several businesses located in the development. None of these factual statements evidence “possession and control” over the parking lot. Further, none of these facts are sufficient to establish an issue of material fact to allow a claim against Blockbuster to survive summary judgment.
¶ 24. In Wilson, like here, the lessor of the grocery store was required, under the terms of the lease agreement, to maintain the parking lot for the use of the lessees and the lessees’ customers. Wilson, 487 So.2d at 796. However, the supreme court found that there was evidence that the grocery store exercised possession and control of the parking lot when it constructed a cart corral on the parking lot. Id. at 797. In other words, the construction of the cart corral indicated that the grocery store invited its customers to take carts into the parking lot and use the cart corral; therefore, the grocery store could be liable for the dangers that were associated with the use of grocery carts in the parking lot. The court held that these facts were sufficient to allow the jury to determine whether the grocery store had possession and control of the parking lot. Id. at 798. Such was not the case here; there is no evidence that Blockbuster exercised possession and control of the parking lot.
¶ 25. There are two other cases that are instructive here. First, in Brookhaven Funeral Home, Inc. v. Hill, 820 So.2d 3, 4(¶ 1) (Miss.Ct.App.2002), Deborah Hill fell on a sidewalk that was located in front of Brookhaven Funeral Home. The sidewalk was owned by the City of Brookhaven. Id. She brought an action for her injuries against the funeral home. Id. at 5(¶ 5). The jury awarded a verdict in favor of Hill for $75,000. Id.
¶ 26. This Court, in an opinion written by Presiding Judge Leslie Southwick, reversed the jury verdict and held that Hill failed to prove the funeral home’s ownership or control of the sidewalk where she fell. Id. at 7 (¶¶ 19-20). The Court reasoned that in order for the funeral home to be liable, “the defect must be to premises for which the funeral home has sole or shared legal responsibility, not just to property in the vicinity of the funeral home.” Id. at 5(¶ 9). Thus, the case was decided on “whether there was evidence to make a jury question of the funeral home’s responsibility for defects in the segment of sidewalk on which Hill fell.” Id. at 6(¶ 12). The Court then determined that:
[Tjhese are the items of evidence that arguably created a fact question about the funeral home’s ownership, possession or control of the sloping sidewalk.
1) The funeral home notified the City after Hill’s fall that improvements should be made.
2) The funeral home agreed to pay for the concrete if the City would construct steps to replace the sloping sidewalk.
3) The funeral home gained permission from the City to add a handrail.
4) The sidewalk is adjacent to the funeral home.
We find nothing in these facts to create an issue for the jury. Municipal sidewalks will be adjacent either to private property or to other governmental property. Proximity is the unavoidable reality of sidewalks and does not by itself create a fact issue on ownership or con *429 trol. Post-injury efforts to improve the walk were consistent with the City’s ownership and control over the property; all the funeral home did was offer to pay for the concrete as an incentive for the discretionary action of the City. The post-accident handrail is similarly ineffective to prove the funeral home’s liability.
[[Image here]]
Since the funeral home’s occupation or ownership of the sidewalk was never shown, we reverse and enter judgment for Brookhaven Funeral Home....
Id. at 7 (¶¶ 18-20).
¶ 27. Hill, just as the instant case, involved a question of ownership and control of the property where the plaintiff was injured. Blockbuster is in a similar position to that of the funeral home in Hill. Here, Ray did not offer any evidence that Blockbuster actually owned the parking lot where she fell. Instead, the lease clearly established that Madison had ownership, control, and possession of the parking lot. The evidence also revealed that Madison, not Blockbuster, made the repairs to the parking lot when Ray fell. There was no evidence that Madison relinquished its legal control of the parking lot to Blockbuster.
¶ 28. The second case is Doe v. Cloverleaf Mall, 829 F.Supp. 866 (S.D.Miss.1993) — a case that was removed to federal court. In Doe, the questions before the court were: (1) whether the defendants were fraudulently joined and (2) whether the case should be remanded to state court jurisdiction. Id. at 869. The court had to consider the substantive law as it applied to the resident defendants.
¶ 29. In Doe, the plaintiff brought an action against Cloverleaf Mall, its management company, and five tenants of the Cloverleaf Mall. The tenants were J.C. Penney Company, Inc.; K & B Mississippi Corporation; Morrison, Inc.; McCrory Corporation; and McRae’s, Inc. Id. at 868. The plaintiff was abducted at gunpoint from the parking lot of the Cloverleaf Mall on the east side of J.C. Penney’s. Id. The plaintiff filed the action to recover the damages that resulted from the abduction. Id.
¶ 30. The district court determined that the issue was “whether the resident defendants had a duty to maintain the mall parking lot in a reasonably safe condition for mall patrons.” Id. at 870. The court, citing Wilson, summarized Mississippi law as follows:
Generally speaking, under Mississippi law, a tenant may be liable for injuries occurring on those parts of the premises which are part of the leasehold; that is, a tenant’s duty to invitees extends to those parts of the premises which are actually leased by the tenant. A tenant’s duty also extends to areas of the premises not within the leasehold but as to which the tenant has covenanted to maintain and repair, and to areas as to which the tenant exercises actual possession or control. And in the latter instance, that duty of care to invitees devolves upon the tenant even though the lessor has contracted to maintain and repair those parts of the premises.
Id. at 870 (emphasis added). The court held that the Mississippi Supreme Court followed this rule in Wilson to find that the tenant had control over the parking lot, but the facts in Wilson were distinguishable from those in the claim against Cloverleaf Mall and its tenants. The court also provided a list of factors that would not reflect a tenant’s possession or control over a parking lot:
The mere use of the parking lot, however, even though this use resulted in economic benefit to these tenants, is not *430 “tantamount to possession and control.” See Catherman v. United States, No. 90-CV-576 [1992 WL 175258], U.S. Dist. LEXIS 11120 (N.D.N.Y. July 21, 1992) (mere fact that defendant’s patrons used entrance for access to leased space in building could not reasonably be asserted as divestment of landlord’s possession and control of entryway); Craig v. A.A.R. Realty Corp., 576 A.2d 688, 696 (Del.Super.Ct.1989) (economic benefit standing alone will not be sufficient to create duty on part of landlord where record otherwise lacks evidence of control); St. Phillips v. O’Donnell, 137 Ill.App.3d 639, 92 Ill.Dec. 354, 484 N.E.2d 1209, 1212 (1985) (mere use of parking lot along with customers does not show actual control of parking lot); Hall v. Quivira Square Dev. Co., 9 Kan.App.2d 243, 675 P.2d 931 (Kan.App.1984) (lessor liable for failure to maintain leased area retained for common use of lessor’s tenants where tenants and their customers merely entitled to use common area); Leary v. Lawrence Sales Corp., 442 Pa. 389, 275 A.2d 32 (1971).
[[Image here]]
A tenant’s reservation of the right to make repairs or provide security should the landlord fail to do so, where the tenant never exercises that right, cannot give rise to a duty to make such repairs or provide such security. See Catherman v. United, States, No. 90-CV-576, [1992 WL 175258, at *13] U.S. Dist. LEXIS 11120, at *39 (citing DeLong v. United States, No. 82-CV-1104, slip op. at *4 (N.D.N.Y.1983)) (right-to-repair clause in lease “does not provide any support” for contention that tenant is in control of that area of premises); Dopico-Fernandez v. Grand Union Supermarket, 841 F.2d 11, 14 (1st Cir.), cert. denied, 488 U.S. 864, 109 S.Ct. 164, 102 L.Ed.2d 135 (1988) (reservation unto tenant of right to perform landlord’s obligations upon landlord’s failure to do so could not be read to impose any obligation on tenant); Craig v. A.A.R. Realty Corp., 576 A.2d 688 (Del.Super.Ct.1989) (neither right to inspect premises, nor reservation of right to inspect coupled with right to retake control under certain circumstances amounted to control); Tu Loi v. New Plan Realty Trust, [1992 WL 392617, at *3] 1992 U.S. Dist. LEXIS 19279, at *8-9 No. 91-7273 (E.D.Pa. Dec. 15, 1992) (rejecting plaintiffs contention that landlord’s retention of right to repair was tantamount to control over premises); Underhill v. Shactman, 337 Mass. 730, 151 N.E.2d 287 (1958) (where landlord was to maintain passageways and parking area for benefit of stores in shopping center and control over these areas remained in landlord, tenant had no duty with respect to those areas, even though tenant had right to supply extra parking attendants and duty to carry insurance covering persons injured “in or about the [demised] premises”).
Doe, 829 F.Supp. at 872-73. Hence, the court concluded:
In this case, no facts have been alleged in support of plaintiffs allegation of possession and control by the tenant defendants. In Catheman v. United States, [1992 WL 175258] 1992 U.S. Dist. LEXIS 11120, No. 90-CV-576, (N.D.N.Y. July 21, 1992), the court, in granting summary judgment for the defendant tenant where there was a lack of any proof that the defendant took any action constituting control of the common area in which the plaintiff was injured, appropriately stated:
The defendant must have taken specific action constituting control of the ... area in order to assume a duty to plaintiff upon which liability for his *431 accident may be premised. None of the evidence before the court indicates that defendant took any action with respect to the [area] which could be construed as an exercise of control, nor does plaintiff suggest any evidence he would like to discover which might indicate that defendant exercised control over the ... area.
See also Gladman v. Reveo Discount Drug Centers, Inc., 669 S.W.2d 677 (Tenn.Ct.App.1984) (judgment for tenant defendant for injury resulting from fall in parking lot where parking lot remained in control of lessor under lease agreement and tenant was not shown to have exercised control over parking lot); Garcia v. Arbern Realty Co., 89 A.D.2d 616, 452 N.Y.S.2d 665 (2d Dept.1982) (tenant had no duty to warn patron of defective condition in common stairway where tenant did not lease stairwell and did not exercise any control over it); Torres v. Piggly Wiggly Shop Rite Foods, Inc., 93 N.M. 408, 600 P.2d 1198 (N.M.Ct.App.1979) (judgment for lessee where lease agreement did not require that tenant care for parking lot and there was no showing that tenant actually had or assumed control over parking lot); Kiser v. A.J. Bayless Markets, Inc., 9 Ariz.App. 103, 449 P.2d 637 (1969) (where parking lot on which plaintiff was injured was not part of premises leased by defendant tenant and responsibility for maintaining parking lot was upon lessor, plaintiffs failure to come forward with sufficient proof to show duty warranted entry of judgment for tenant); Snyder v. I. Jay Realty Co., 30 N.J. 303, 153 A.2d 1 (1959) (judgment for tenant where landlord retained control over common passageways and tenant exercised no measure of control over such passageways); compare Coyle v. Gerritsen Ave. Shopping Center, Inc., 176 A.D.2d 232, 574 N.Y.S.2d 57 (2d Dept. 1991) (summary judgment denied in parking lot slip and fall where defendant tenant had occasionally cleaned drain into which plaintiff fell); Farrar v. Teicholz, 173 A.D.2d 674, 570 N.Y.S.2d 329 (2d Dept.1991) (issue of fact as to control where defendant tenant regularly inspected parking lot and notified landlord of defects or hired contractor to perform repairs).
Inasmuch as the plaintiff here neither alleged nor presented any facts which could reasonably be found to demonstrate possession and control by the resident tenant defendants of the mall parking lot, the court must conclude that there is no factual basis for her allegation of possession and control by the resident defendants. Hence, there is no reasonable possibility that the resident defendant could be held liable and' they are therefore due to be dismissed from this action. The court will, therefore, reverse the magistrate judge’s order of remand and dismiss the resident defendants.
Id. at 873-74.
¶ 31. Here, as in Hill and Doe, there is simply no evidence that Blockbuster had possession and control of the parking lot. Therefore, there is no factual basis to support a claim against Blockbuster. I find that summary judgment was correctly granted in favor of Blockbuster. Accordingly, I would affirm the judgment of the circuit court.
ROBERTS AND CARLTON, JJ., JOIN THIS SEPARATE OPINION.