377 So.2d 603 (1979)
Mary B. DOWNS, Administratrix of Estate of James Otis Downs and U.S.F. & G. Company
v.
James W. CORDER, Jr.
No. 51566.
Supreme Court of Mississippi.
December 5, 1979.
Robertshaw & Merideth, Gary P. Snyder, Greenville, Smith, O'Hare & Atkinson, Boyd P. Atkinson, Cleveland, for appellant.
Campbell & DeLong, James L. Robertson, Greenville, for appellee.
Before ROBERTSON, LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
This appeal is from an order of the Circuit Court of Sunflower County sustaining *604 a demurrer to the declaration of appellant, Mary B. Downs, Administratrix of the Estate of James Otis Downs, deceased. The sole question before this Court is whether or not the declaration alleged facts sufficient to set out a cause of action that would withstand a demurrer. The merits of the case, after testimony is presented to prove the alleged cause of action, are not now before the Court.
The declaration alleged that the deceased, James Otis Downs, was employed by Green Refrigeration Company of Indianola, Mississippi. It further alleged that the defendant/appellee had contracted with Mississippi Valley Gas Company to install a complete central heating and airconditioning unit in appellee's home. Mississippi Valley Gas Company in turn contracted with Green Refrigeration Company, employer of the deceased, to do certain work necessary for the installation, including all necessary duct work.
The declaration further alleged that on August 24, 1977, the deceased, while working for his employer,
... [M]ore specifically under defendant's house, pursuing his normal work duties for Green Refrigeration Company, that of wrapping installation material around the airconditioning duct work that had been installed early that morning by a co-worker. Decedent, while attempting to wrap the aforementioned duct work, came in contact with uninsulated wiring hanging from an uncovered junction box, and, as a result, died from electrocution... .
Said uninsulated wiring was not due to any repairs or maintenance that had been performed by Green Refrigeration Company in connection with the installation of the heating and airconditioning unit in the home of the defendant, James Corder, Jr., but was a latent condition that had existed for sometime prior to August 24, 1977.
It was further alleged that:
Furthermore, Green Refrigeration Company and its employees because of the nature of the work to be performed for Mississippi Valley Gas Company of Greenville, Mississippi, for the benefit of the defendant, James W. Corder, Jr., were not put on notice in any way, nor had any reason to believe, that there were any hidden defects or dangers on said defendant's premises ... Plaintiff alleges that her husband's death was a direct result of the negligence and carelessness of the defendant in maintaining wiring in such a dangerous, defective condition as it was on the afternoon of August 24, 1977. Plaintiff further alleges that defendant knew or should have known that wires with unprotected ends had never been disconnected from the power source, and, therefore, created an extremely dangerous condition under his house for the decedent and other workers. Plaintiff states that the defendant failed to inspect the crawl space under his house for the purpose of discovering defective, dangerous wiring and failed to repair, disconnect or remove any such defects or dangers which would have been shown by a proper inspection .. that the defendant failed to furnish to the decedent a safe place to work and further failed to warn decedent of the dangerous and defective condition of the electrical wiring under defendant's residence.
The declaration went on to allege that the decedent was not an electrician and had no expertise in that field and did not hold himself out to the public as such.
The lower court, in sustaining the demurrer to the declaration, relied primarily on the cases of Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267 (Miss. 1970), and Spruill v. Yazoo Valley Oil Mill, Inc., 317 So.2d 410 (Miss. 1975). Appellee contends that these cases are controlling in the present case. Before discussing these cases as they apply to the "allegations" of appellant's declaration, we need to set out the general law in regard to the charges in the declaration as reflected by the textbooks and cases.
In 65 C.J.S. Negligence, section 63, page 734, the rule is stated that,

*605 The owner, occupant, or person in charge of premises owes to invitees or business visitors thereon the duty of exercising reasonable care to keep the premises in a reasonably safe and suitable condition, or of warning invitees or business visitors of hidden or concealed perils of which he knows or should know in the exercise of reasonable care... .
It is further stated that:
The duty of reasonable care owed to an invitee includes the exercise of such care and protection of the invitee and the finding of reasonably discoverable conditions which may be dangerous, and if such are found, the occupant of the premises has a duty to correct them, or to warn the invitee thereof.
In Jackson Ready-Mix Concrete, supra, the plaintiff Sexton was a licensed electrician doing work as a full time independent electrical contractor. He had performed such work for Ready-Mix for several years. This included electrical safety inspections by Sexton on the company's premises. On the occasion of Sexton's injury he was employed by Ready-Mix to install an additional electric line on an existing pole belonging to Ready-Mix. Sexton had worked on this pole previously. It was broad daylight and Sexton climbed the pole to perform the work called for by his profession and for which he was employed to do by Ready-Mix. He had with him safety equipment which he did not use. While at the top of the pole near an exposed power line, he permitted his unprotected elbow to come in contact with the line, receiving a shock which caused him to fall to the ground. The case was actually tried and the facts developed. The jury rendered a verdict for Sexton. On appeal, this Court held that under the facts, as briefly set out above, Sexton did not have a cause of action and the case was reversed and judgment rendered for Ready-Mix.
In Spruill, supra, the declaration alleged that Bobby Ray Spruill, deceased, received injuries resulting in his death while trying to restore electricity to the facility owned and operated by appellee, Yazoo Valley Oil Mill, Inc. Appellee company, under contract, was purchasing electricity from Greenwood Utilities. After a power failure at the mill, Greenwood Utilities, Spruill's employer, directed him to work toward ascertaining the trouble, and restoring the mill's electricity. The declaration alleged that Spruill and another employee, following standard operating procedures of the utility company, made an examination of the transformers by visually inspecting them and by touching them in an effort to determine the trouble. While working on the transformer, according to the declaration, there was an explosion involving a transformer which resulted in Spruill's death. This Court, in affirming the lower court's action in sustaining a demurrer to the declaration, relied on the prior opinion in Jackson Ready-Mix Concrete, supra, and held that,
... [T]he owner or occupier is under no duty to protect them [independent contractors and their employees] against risks arising from or intimately connected with defects of the premises, or of machinery or appliances located thereon, which the contractor has undertaken to repair. Closely related to this exception is the rule that the owner is not liable for death or injury of an independent contractor or one of his employees resulting from dangers which the contractor, as an expert, has known, or as to which he and his employees "assumed the risk." [Emphasis supplied].
It is readily seen that the full trial in Jackson Ready-Mix and the declaration in Spruill does not compare with the charges in the declaration in the present case. The allegations clearly come within the rule of liability as hereinbefore set out. It charged that the deceased was on the premises as an invitee solely for the purpose of assisting with placing insulation around the airconditioning duct work. He was not an electrician and had nothing to do with the electrical part of the premises. It was charged specifically that the employer of the decedent had nothing to do with any electrical condition on the premises, or the inspection or repairing of any electrical appliances, *606 and had no notice of any danger or defective condition regarding the electrical system of the premises. The declaration further charged that appellee knew or should have known that wires with unprotected ends had either never been properly insulated or that a protective covering or plate had never been placed over said wires, and, therefore, created an extremely dangerous condition. There was a charge of failure to inspect and failure to warn about a dangerous condition known by appellee, or that should have been known by him. As stated at the outset, a development of the evidence relating to the charges in the declaration may not show liability on the part of appellee. It is clear, however, that the declaration does charge sufficient duties owed by appellee and sufficiently charges a negligent breach of those duties so as to withstand a demurrer.
It is elemental and there is no need to cite authorities that all well-pleaded allegations of the declaration have to be taken as true in considering whether or not a demurrer thereto should be sustained or overruled. In our opinion, the lower court, under the allegations of this declaration, should have overruled the demurrer.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH, and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.