487 So.2d 1342 (1986)
Joyce Ann HATHORN, Widow of Murtle Lee Hathorn, Deceased
v.
George L. HAILEY.
No. 56650.
Supreme Court of Mississippi.
May 7, 1986.
*1343 R.W. Boydstun, Jr., Louisville, for appellant.
Niles McNeel, Louisville, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
On October 5, 1984, Murtle Lee Hathorn was engaged by George L. Hailey to cut trees on Hailey's property near the Claytown Community in Winston County. Hailey intended to use the cut wood as firewood. As fate would have it, the first tree cut by Hathorn fell on a limb, "kicked back" and struck Hathorn in the chest and killed him.
Hathorn's widow thereafter brought a wrongful death action against Hailey. Miss. Code Ann. § 11-7-13 (Supp. 1985). At trial the evidence reflected without contradiction that Hailey went to the Hathorn home originally seeking to employ Hathorn's son, Cleo, to cut the wood. The elder Hathorn, Murtle Lee, then approximately 65 years old age, was present and volunteered to do the work. Murtle Lee Hathorn was an experienced woodcutter and made this fact known to Hailey, who agreed to pay him $3.35 an hour for his services. In due course thereafter the three went to Hailey's premises and, with Hailey and Cleo Hathorn watching from a *1344 distance, Murtle Lee cut the first tree which, as indicated, fatally wounded him.
At the conclusion of the Plaintiff's evidence, the Circuit Judge granted Hailey's motion for a directed verdict and stated
I have in this instance a case in which a man [Murtle Lee Hathorn] with thirty years experience in wood cutting of some sort, volunteered to go and assist in cutting firewood. He was by agreement an invitee. There has been absolutely no evidence whatsoever that the Defendant [Hailey] in this case either by omission or commission failed to meet every single responsibility that he had as an owner to an invitee. To the contrary, the record indicates that he did everything that one could do, certainly after the accident, and it has not been shown in any degree that he could have done anything more than his son, than the decedent's son who was there at the time, in warning about whatever might have happened in that middle second, that instant, when this tragic accident took place.
I am going to grant the motion for a directed verdict in this case.
From final judgment entered in the Circuit Court on April 26, 1985, Plaintiff Joyce Ann Hathorn, widow of Murtle Lee Hathorn, deceased, presents this appeal. We affirm.

II.
Plaintiff's first assignment of error is that the Circuit Court erred when it directed a verdict for Hailey. In this context we note that the parties agree that Hathorn was on the Hailey premises as an invitee. The duties owed to invitees by the owners or occupants of premises are well settled. In substance, such persons are obligated to invitees to keep the premises in a reasonably safe and suitable condition and to warn of hidden or concealed perils which the owner or occupant knows or should know of in the exercise of ordinary care. Downs v. Corder, 377 So.2d 603, 605 (Miss. 1979); Wilson v. Allday, 487 So.2d 793 (Miss. 1986) Shows, Trespassers, Licensees and Invitees: Are The Distinctions Needed?, 41 Miss.L.J. 562, 572 (1970).
The Circuit Court correctly held on these facts that Hailey neither did nor failed to do anything which breached any duty owed to Hathorn. There is no basis in this record for a conclusion that Hailey failed to keep his premises in a reasonably safe and suitable condition. He presented Hathorn with his land with trees upon it to be cut. Hathorn was not killed by any unreasonably dangerous or unsuitable condition on the land.
Nothing in this record suggests that there was any hidden or concealed peril of which Hailey knew or should have known and with respect to which he failed to warn Hathorn. All Hailey knew was that he had trees on his land which he desired to have felled and cut up into firewood. Hailey had no reason to believe the fateful tree was any more or less dangerous than any other standing tree.
In the end Plaintiff's case fails because of her failure to realize that the negligence, if any, contributing to her husband's death was that of her husband himself and himself alone. See Sellens v. Christman, 418 S.W.2d 6, 8-10 (Mo. 1967). Hailey had trees he desired cut. He had no expertise in the tree cutting process. Hathorn held himself out as competent and experienced in wood cutting. Absent knowledge of special or hidden dangers, Hailey was under no duty to warn Hathorn of dangers incident to the undertaking and activity with respect to which Hathorn was experienced and Hailey was not. See Spruill v. Yazoo Valley Oil Mill, Inc., 317 So.2d 410 (Miss. 1975); Jackson Ready-Mix Concrete v. Sexton, 235 So.2d 267 (Miss. 1970).
Plaintiff makes a feeble effort to establish through Leon Fuller, an experienced logger, that safety considerations require that two people should work together in tree cutting, with one available to warn the other of impending dangers. The thrust of Fuller's testimony was that it was generally economically impracticable to have an *1345 observer present to give such warnings. The point would fail anyway because it was Hathorn, not Hailey, who on these facts was the party supposed to know of any such custom or practice in the wood cutting business.
In the present posture of the case the Circuit Court  and this Court on appeal  were (and are) required to consider the evidence in the record in the light most favorable to the Plaintiff, giving the Plaintiff the benefit of all favorable inferences that may reasonably be drawn from the evidence. When this test is applied to the facts before us, we find that the facts and reasonable inferences nevertheless point so overwhelmingly in favor of Defendant Hailey that reasonable men could not have arrived at a contrary verdict. For this reason the Circuit Court correctly directed a verdict in favor of Hailey. See White v. Hancock Bank, 477 So.2d 265, 268-69 (Miss. 1985); Georgia-Pacific Co. v. Blakeney, 353 So.2d 769, 772 (Miss. 1978).

III.
Plaintiff Hathorn argued at trial  and argues on this appeal  that cutting timber is an inherently dangerous activity and that one engaging another to perform the activity is accordingly under a stringent duty to warn of the attendant dangers. Leaving aside for the moment that Hathorn cites no authority for this proposition, we are presented a most unorthodox attempt to establish the point factually. Plaintiff sought to elicit through Leon Fuller, an admittedly experienced logger, that worker's compensation insurance rates for employers in the logging business were substantially higher than those charged employers in other businesses. The Circuit Court sustained Hailey's objections to this proffered testimony and correctly so.
In the first place, the proffered testimony fails to reflect that Fuller was sufficiently expert in the setting of insurance rates to be qualified to give the sort of testimony proffered. Beyond that, Hathorn wholly failed to lay a predicate for this testimony: she offered nothing to show that the said-to-be differentials in worker's compensation rates in fact reflected unreasonable dangers in the logging business. Beyond that we regard it as almost bizarre to suggest that actuarial calculations may be received as evidence of the extent of danger in a given business enterprise. Unreasonable dangerousness may be established, if at all, through witnesses having direct knowledge of the activity and otherwise competent as witnesses to give such conclusory testimony. This assignment of error is denied.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.