**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2002-CT-00927-SCT**

*RECE VAUGHN*

*v.*

*RICHARD AMBROSINO AND ELLEN AMBROSINO*

**ON  WRIT OF CERTIORARI**

DATE OF JUDGMENT:                              2/19/2002
TRIAL JUDGE:                                         HON. SAMAC S. RICHARDSON
COURT FROM WHICH APPEALED:      MADISON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:            JAMES L. POWELL
                                                            RICHARD A. COURTNEY
                                                            MATTHEW IVAN HETZEL
ATTORNEYS FOR APPELLEES:            JAMES WILLIAM MANUEL
                                                            MARGARET OERTLING CUPPLES
                                                            STEPHEN L. THOMAS
                                                            DANIELLE DAIGLE IRELAND
NATURE OF THE CASE:                         CIVIL - PERSONAL INJURY
DISPOSITION:                                       AFFIRMED - 10/14/2004
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.      This is a suit brought against Richard and Ellen Ambrosino by their former live-in housekeeper, Rece

Vaughn, who claims the Ambrosinos' dog, Anabelle, ran into a ladder, causing her to fall and sustain serious

injuries.  Vaughn claims the Ambrosinos should have either restrained Annabelle or warned her that the dog

might run into the ladder.

¶2.     At the conclusion of a three-day trial, the jury returned a verdict for the Ambrosinios, and the circuit court entered judgment in accordance with that verdict. Vaughn's subsequent appeal was assigned to the Court of Appeals, which affirmed. *Vaughn v. Ambrosino*, 2003 WL 22706113 (Miss. Ct. App. 2003) Unhappy with the decision of the Court of Appeals, Vaughn filed her petition to this Court for a writ of certiorari. Finding the Court of Appeals reached the correct conclusion, but for the wrong reason, we granted the writ.

¶3.     A proper evaluation of the case requires a brief review of the facts, which we borrow from the opinion rendered by the Court of Appeals:

> Vaughn was a full-time housekeeper at the Ambrosinos' residence. As part of her employment, she lived in a furnished apartment above the garage. She was also paid $125 a week salary. The Ambrosinos were not required to have workers' compensation coverage because they did not employ the requisite number of employees.
>
> On June 26, 1999, Vaughn was seriously injured when she fell from a ladder while cleaning the twelve foot high kitchen cabinets. She was using the ladder to reach the upper cabinets. She was standing midway up the ladder, when the Ambrosinos' dog ran under the ladder. Vaughn did not see the dog hit the ladder, she felt the dog impact the ladder. The ladder and Vaughn fell. Vaughn suffered a wound to her head and crushed heel bone in her foot, which required surgery. There was conflicting testimony whether the Ambrosinos instructed Vaughn to clean the cabinets that day and whether or not they allowed her to block off any area of the house from the dog. Vaughn alleged that the Ambrosinos specifically instructed her to clean the cabinets that day, that they told her that she would just need to be careful when cleaning the cabinets, and that she was not to shut the dog out of any part of the house. The Ambrosinos alleged that they did not tell Vaughn to clean the cabinets on her own and that it was her prerogative to close off the dog.

*Id.* at *1 (¶¶ 2-3).

¶4.     The case is now before us for final disposition of two assignments of error asserted by Vaughn which relate to jury instruction numbers 15, and 16. Because the arguments regarding the two instructions are interrelated, we shall consider them together.

        Jury instruction number 16

¶5.     At the conclusion of the evidence, the trial judge met with counsel to discuss jury instructions.  Much time was spent debating whether Vaughn's relationship to the Ambrosinos was that of "master/servant," or "invitee."  Still more time was invested in evaluating the "open and obvious" defense in premises liability law.  The trial judge, dissatisfied with the instructions submitted by counsel, attempted to fashion its own instruction setting forth the necessary elements for a finding of liability.  This instruction – which ultimately found its way into the record as Jury Instruction 16 – provided:

> If you find from a preponderance of the evidence in this case that
>
> 1. The plaintiff was an invitee of the defendants and
>
> 2. the defendants owned the property or premises and
>
> 3.  the defendants not restraining their dog while plaintiff was working created  a dangerous condition which was not readily apparent upon the defendants'   property, and
>
> 4.  the defendants failed to keep their property or premises in a reasonably safe  condition or warn the plaintiff of a dangerous condition, not readily apparent, of which the defendant had knowledge and
>
> 5.  the defendants' failure to keep their property or premises in a reasonably safe condition or warn the plaintiff of a dangerous condition, not readily apparent, was a proximate contributing cause of plaintiff's injuries.
>
> then you shall find for the plaintiff and against the defendants.
>
> However, if you believe that the plaintiff has failed to show any of these elements by a preponderance of the evidence in this case, then your verdict shall be for the defendants.

¶6.     The court's instruction was prepared during a break in the jury instruction conference.  When counsel returned from the break, the trial judge apparently provided them with a copy of the court's instruction.  Although the instruction was mentioned, it was never discussed during the remainder of the conference.  No objection to it was raised, and it was ultimately read to the jury.  Vaughn could be said to

3

have waived objection. However, because the trial court refused Vaughn's proposed instruction 15, which raised the same issues, we will address them.

¶7. Vaughn asserts the instructions were flawed because they prevented recovery unless the jury found (1) that she was an "invitee," and (2) that the alleged dangerous condition was not open and obvious. We begin by analyzing Vaughn's somewhat puzzling argument concerning "invitee" status, as opposed to "master/servant" status.

*Invitee status*

¶8. Vaughn attempts to classify this case as a "master/servant matter," rather than a premises liability case involving an "invitee." Citing ***Cherry v. Hawkins***, 243 Miss. 392, 137 So. 2d 815 (1962), for the proposition that a master has the duty to provide his or her servant a reasonably safe workplace, Vaughn concludes that a master will be liable for the "failure to exercise due, ordinary, reasonable care." In this, we agree. However, we fail to discern any difference in the master's duty, and that of an owner or occupier of a premises to an invitee (as will be discussed infra). Accordingly, we find no merit to this assignment of error. ¶9. It appears that Vaughn urges us to decide this case under "master/servant" law, because she fears if she is classified as an "invitee," she will not be allowed to recover damages caused by open and obvious dangers.[1] Vaughn is incorrect, and she is not alone. *Open and obvious*

¶10. This same position taken by Vaughn was passionately argued by defense counsel, accepted by the trial court, and affirmed by the Court of Appeals.[2]

---

[1]Vaughn consumes most of her brief in apparent concession of this point. However, she mentions, almost as an afterthought, late in the brief: "In addition, even in premises liability cases, an open and obvious or assumption of the risk defense is no longer an absolute bar to recovery."

[2]So muddled has this area of our law apparently become, that both lawyers at trial, the trial court, and the Court of Appeals, all took different positions – all of which were incorrect – as will be discussed infra.

¶11.    We find clear, controlling authority in ***Tharp v. Bunge Corp.***, 641 So. 2d 20 (Miss 1994), wherein this Court stated:

> Mississippi . . . until today, still employs the complete defense of a danger being open and obvious.  Previously, this Court has found that:
>
> > (t)he owner or occupant then is not an insurer against all injuries.  (citations omitted).  In fact, there is not liability for injuries, where the condition is not dangerous, or where the condition is, or should be, known or obvious to the invitee.  ***King v. Dudley***, 286 So. 2d 814, 816 (Miss. 1973); ***General Tire & Rubber Co. v. Darnell***, 221 So. 2d 104, 107 (Miss. 1969).

641So. 2d at 24.  ***Tharp*** went further to hold that "[t]he 'open and obvious' standard is simply a comparative negligence defense used to compare the negligence of the plaintiff to the negligence of the defendant."  ***Id.***  Finally, in order to make its position crystal clear, this Court concluded:

> We now abolish the so-called "open and obvious" defense and apply our true comparative negligence doctrine.

***Id.*** at 25.

¶12.    It would be useful to pause here and distinguish a claim of a dangerous condition, from a claim that the defendant *failed to warn* of a dangerous condition.  ***Tharp*** applies to the former.  With respect to the latter, however, it would be strange logic that found it reasonable to allow a plaintiff to pursue a claim against a defendant for failure to warn of an open and obvious danger.  One would struggle, indeed, to justify the need to warn a plaintiff of that which was open and obvious.  Stated differently, a warning of an open and obvious danger would provide no new information to the plaintiff.  Stated still another way, a thing warned of is either already known to the plaintiff, or it's not.  If it's already known to the plaintiff,[3] then the

---

[3]An "open and obvious" danger – in the legal sense – is known to the plaintiff; either actually, or constructively.

warning serves no purpose. If it is not already known to the plaintiff, then the thing warned of was not open and obvious in the first instance. Thus, an invitee may not recover for failure to warn of an open and obvious danger.

¶13.     Returning to jury instruction 16, we note that elements 4, and 5, speak in terms of "defendants' failure to keep their property or premises in a reasonably safe condition **or** warn the plaintiff of a dangerous condition, not readily apparent." Both elements prevent recovery for open and obvious dangers *only* in "failure to warn" cases. These elements correctly state the law. However, the third element ("Element 3") prevents recovery for "a dangerous condition which was not readily apparent upon the defendants' property." That is to say, if the jury believed the dangerous condition was "readily apparent," or open and obvious, then Element 3 of the instruction, standing alone, prevented a verdict for the plaintiff. This was an incorrect and improper instruction.

¶14.     If the jury found that the defendants were negligent in creating a dangerous condition which was open and obvious, the instruction, standing alone, prevented the jury from applying the comparative negligence standard required by *Tharp*.

¶15.     The Court of Appeals in the case sub judice incorrectly concluded that jury instruction 16 "accurately conveys the law." The majority based its conclusion on *Nolan v. Brantley*, 767 So. 2d 234 (Miss. Ct. App. 2000), and *Little ex rel. Little v. Bell*, 719 So. 2d 757 (Miss. 1998).

¶16.     *Nolan* is a "failure to warn" case, and does not support the proposition assigned to it by the Court of Appeals. *Little* holds that a landowner's duty to an invitee is to keep the property in a "reasonably safe" condition, and to warn of "hidden dangers" that are not "open and plain." 719 So. 2d. at 760. Thus, citing *Nolan* and *Little* as authority for the proposition in Element 3, of jury instruction 16, is a *non sequitur*.

¶17. As stated, jury instruction 16, *standing alone*, was an improper instruction. However, this Court does "not review jury instructions in isolation." **Adkins v. Sanders**, 871 So. 2d 732, 736 (Miss. 2004). "Rather, we read the instructions as a whole" and "we will not find reversible error 'where the instructions actually given, when read together as a whole, fairly announce the law of the case and create no injustice.'" **Id.**

¶18. After reviewing all of the jury instructions given by the trial court, we conclude that the flaw in jury instruction 16 does not constitute reversible error. Jury instruction 18 stated:

> If you find from a preponderance of the evidence in this case that:
>
> 1. The Defendants, Richard and Ellen Ambrosino, were negligent, and
>
> 2. The Plaintiff, Rece Vaughn, was negligent, and
>
> 3. The negligence of the Ambrosinos and Rece Vaughn were proximate contributing causes of the accident in this case; and
>
> 4. Rece Vaughn sustained injuries and damages caused by the combined causal negligence of the Ambrosinos and Rece Vaughn,
>
> then you will, in arriving at your verdict, determine that sum of money which will fairly and adequately compensate Rece Vaughn for said injuries and damages caused by this accident, and reduce this sum in proportion to the causal negligence attributed to Rece Vaughn.

¶19. Jury instruction 1 stated, inter alia: **"You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole."** (emphasis added).

¶20. Jury instruction 3 stated:

> Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like or similar circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like or similar circumstances or in failing to do something that a reasonably careful person would do under like or similar circumstances.

¶21. Jury instruction 17 stated:

You are instructed by the Court that in applying the doctrine of comparative negligence to this case, you must treat the negligence of the Defendant as a unit, so that you must compare the degree of the Plaintiff's negligence to the sum of the degrees of the Defendants' negligence, not the degree of each individual Defendant's negligence.

¶22. Jury instruction 20 stated:

If you find from a preponderance of the evidence in this case that the Plaintiff has sustained actual damage as a proximate result of the negligence of the Defendants, then the Plaintiff is entitled to a verdict in an amount which will reasonably compensate her for her losses. . . .

¶23. Notwithstanding the singular flaw in Element 3, of jury instruction 16, these additional instructions clearly, correctly and adequately defined "negligence," and they instructed the jury that, should they find negligence on the part of the defendants, they should return a verdict for the plaintiff. They further instructed the jury with clarity that, should they find negligence on the part of both plaintiff and defendants, they should still return a verdict for the plaintiff, applying a proper comparative negligence reduction.

¶24. Vaughn had served as the Ambrosino's housekeeper for two years, and was familiar with both the house and Annabelle. Testimony revealed that Vaughn weighed 220 pounds, and was on the first, second or third step – ("I know I was close to the floor") -- of the ladder. Annabelle weighed between 42 and 45 pounds, and was 23 inches tall. According to the Ambrosino's version of the facts, Vaughn was not forced to use the ladder. In fact, she had available to her extension poles for cleaning the cabinets. The Ambrosinos denied ever telling Vaughn she could not confine Annabelle, if she wished.

¶25. In light of the facts available to the jury, and applying the instructions as a whole, it is entirely reasonable that the jury could have returned a verdict for the Ambrosinos in accord with the instructions, as a whole.

¶26. Since the jury instructions, as a whole, properly instructed the jury; and since the facts before the jury could certainly, in concert with those instructions, support a verdict for the Ambrosinos, we affirm the

judgment of the Court of Appeals and the circuit court's judgment entered in accordance with the jury verdict for the Ambrosinos.

¶27.	**AFFIRMED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., AND EASLEY, J. CONCUR. CARLSON AND RANDOLPH, JJ., CONCUR IN RESULT ONLY. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**