**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2004-CA-00471-SCT**

*ANITA MAYFIELD*

*v.*

*THE HAIRBENDER*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2004 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GREGORY W. HARBISON |
| ATTORNEY FOR APPELLEE: | GOODLOE TANKERSLEY LEWIS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 06/02/2005 |
| MOTION FOR REHEARING FILED: | 04/07/2005 |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is denied. The original opinion is withdrawn, and this opinion is substituted therefor.

¶2.     In this trip and fall case, we are asked to clarify whether a plaintiff may pursue a claim of negligent failure to repair a dangerous condition that is open and obvious.

### BACKGROUND FACTS AND PROCEEDINGS

¶3.     While descending the stairs from The Hairbender salon  after making a delivery, Anita Mayfield tripped on pavement she described as "broken, unlevel pavement" which was "pushed up, probably jutted up two inches over the bottom step."  Mayfield filed suit against The

Hairbender in the Circuit Court of Calhoun County, Mississippi, claiming that The Hairbender was negligent both by failing to repair the pavement where she tripped and in failing to adequately warn her of the broken, raised pavement.

¶4. The Hairbender filed a motion for summary judgment, claiming that the broken portion of pavement was in "plain view" and that, in any case, Mayfield was aware of it. The Hairbender further claimed its only duty was to warn of dangers not in plain view and that under Mississippi law an owner or occupier of premises is not liable for injuries resulting from a dangerous condition which was open and obvious and of which the invitee was aware.

¶5. The trial court granted The Hairbender's motion for summary judgment, and Mayfield now appeals.

## ANALYSIS

¶6. This Court reviews summary judgments de novo. *Massey v. Tingle*, 867 So.2d 235, 238 (Miss. 2004) (citing *Hardy v. Brock*, 826 So.2d 71, 74 (Miss. 2002); *Heirs & Wrongful Death Beneficiaries of Branning ex rel. Tucker v. Hinds Cmty. Coll. Dist*., 743 So.2d 311, 314 (Miss. 1999)). The facts are viewed in light most favorable to the nonmoving party. *Id.* (citing *Robinson v. Singing River Hosp. Sys*., 732 So.2d 204, 207 (Miss. 1999)). The existence of a genuine issue of material fact will preclude summary judgment. *Id.* The non-moving party may not rest upon allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues of fact for trial. *Id.* (citing *Richmond v. Benchmark Constr. Corp.*, 692 So.2d 60, 61 (Miss. 1997)).

¶7.     Mayfield claims that The Hairbender was negligent in two way; first, in failing to properly maintain and repair the pavement, and second, in failing to warn her of the danger.

¶8.     The Hairbender asserts that, as a matter of law, "an open and obvious hazard is not 'unreasonably dangerous'." The Hairbender further argues that this Court recognize two separate "causes of action," one for negligence and the other for failure to warn, would be a "significant change in Mississippi Law as to the duties and obligations of landowners." The Hairbender predicts a "minor revolution in the jurisprudence of this State which [would place] additional burdens on its business owners."

¶9.     After careful review of The Hairbender's argument and the relevant law, we conclude The Hairbender's unfounded alarm springs from two sources. First, as we explain infra, The Hairbenders is of the mistaken impression that a Court of Appeals decision can preempt or overrule a prior decision of this Court. Second, The Hairbender mistakenly concludes that Mayfield's two theories of negligence are considered two separate causes of action. We note that, even if The Hairbender were correct on this point, it would make little difference in the terminology and no difference in the analysis. A plaintiff pursuing two theories of negligence should expect the same result as a plaintiff pursuing two separate causes of action; one for negligent failure to repair a dangerous condition, and the other for negligent failure to warn. The difference amounts to labeling.

¶10.    We shall now proceed to examine both of Mayfield's negligence theories.

        *i. Negligent Failure to Warn and the "Open and Obvious" Danger Theory*

¶11.    Responding to Mayfield's claim that it negligently failed to warn her of the dangerous condition at the bottom of the steps, The Hairbender correctly states it had no duty to warn of

3

the alleged hazard because it was open, obvious and known to Mayfield prior to her injury. The Hairbender cites ***Wilson v. Allday,*** 487 So. 2d 793 (Miss. 1986), in which this Court stated:

> The established law in this state is that the owner, occupant or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition <u>or</u>[1]of warning [the] invitee of dangerous conditions not readily apparent which [the] owner knows or should know of in the exercise of reasonable care. <u>However, the owner, occupant or person in charge of property is not an insurer of the safety of an invitee - -where the invitee knows or should know of an apparent danger, no warning is required.</u>

***Id.*** at 795-96 (citing ***Downs v. Corder***, 377 So. 2d 603 (Miss. 1979); ***J.C. Penney Co. v Sumrall***, 318 So. 2d 829 (Miss. 1975); ***Jackson Ready-Mix Concrete v. Sexton***, 235 So. 2d 267 (Miss. 1970)); 65 C.J.S. *Negligence* § 63 (45)(1966)) (emphasis added).

¶12.    The final sentence of the passage is a correct statement of our current law regarding the duty to warn of known or apparent dangers. We addressed the issue in ***Vaughn v. Ambrosino,*** 883 So. 2d 1167, 1170 (Miss. 2004):

> With respect to the [failure to warn claim], however, it would be strange logic that found it reasonable to allow a plaintiff to pursue a claim against a defendant for failure to warn of an open an obvious danger. One would struggle, indeed, to justify the need to warn a plaintiff of that which was open an obvious. Stated differently, a warning of an open and obvious danger would provide no new information to the plaintiff. Stated still another way, a thing warned of is either already known to the plaintiff, or it's not. If it's already known to the plaintiff, then the warning serves no purpose. If it is not already known to the plaintiff, then the thing warned of was not open and obvious in the first instance. Thus, an invitee may not recover for failure to warn of an open and obvious danger.

---

[1]It is this "or" that misleads The Hairbender, which argues it is not required to fulfill the "duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition" if it warns of hidden dangers or if the danger is open and obvious. To the extent this language from ***Wilson*** (a 1986 case) is so construed, it was overruled by ***Tharp v. Bunge Corp.,*** 641 So. 2d 20, 25 (Miss. 1994), discussed infra.

***Id.*** at 1170-71.

¶13.    The uneven pavement outside of The Hairbender was an open and obvious danger. Mayfield admitted as much in her deposition.  She testified that she had "probably" been to The Hairbender six or seven times before this incident and that she had seen the unlevel pavement. She also testified that she pointed out the condition of the pavement to one of her co-workers and commented that it was dangerous.  She further admitted that at the time of the accident she was aware of the broken pavement and that she knew she needed to be careful when she walked over it.

¶14.    It is clear that the condition of the pavement was open and obvious and in plain view. All that is required to negate the duty to warn is that the danger be open and obvious, suggesting that the plaintiff either knew or should have known of it.  Here, the undisputed evidence established not only that the hazard was open and obvious, but also that Mayfield actually knew of the danger.  Therefore, warning Mayfield of the uneven pavement would have served no purpose because she already knew about it.  Consequently, The Hairbender may not be held liable for failing to warn Mayfield about the uneven pavement, and summary judgment on Mayfield's negligent failure to warn claim was properly granted.

   *ii.  Failure to Maintain the Premises and Comparative Negligence.*

¶15.    Mayfield also claims The Hairbender was negligent in failing to repair the broken, uneven, raised pavement.  For many years, Mississippi plaintiffs who were injured by a dangerous condition on property were prevented from recovery under any theory of negligence where the dangerous condition was open and obvious to the plaintiff.  For instance, in ***McGovern v. Scarborough***, 566 So. 2d 1225 (Miss. 1990), this Court cited with approval

numerous premises liability cases, including **Kroger, Inc. v. Ware**, 512 So. 2d 1281 (Miss. 1987), in which this Court held:

> In fact there is no liability for injuries, where the condition is not dangerous, or where the condition is, or should be, know or obvious to the invitee. [Citations omitted]
>
> . . . . Indeed, Ware encountered a condition, which was permanent, in place, know and obvious – a factual setting bearing no resemblance to cases in which we have found a jury question to exist. [Emphasis added]

*Id.* at 1228.

¶16. In 1994 however, this Court abolished the open and obvious theory as an absolute defense in premises liability cases. **Tharp v. Bunge**, **Corp.,** 641 So. 2d 20, 25 (Miss. 1994).

¶17. In **Tharp**, while exiting a grain storage facility through a doorway, the plaintiff tripped over a tarpaulin and injured his knee. The plaintiff claimed, among other things, that Bunge Corp. was negligent in leaving the tarpaulin across the door. Relying on this Court's prior cases, Bunge Corp., argued that it was immunized from the claims of negligence because the tarpaulin was open and obvious.

¶18. Rejecting this argument, the **Tharp** court stated:

> The "open and obvious" standard is simply a comparative negligence defense used to compare the negligence of the plaintiff to the negligence of the defendant. If the defendant was not negligent, it makes no difference if the dangerous condition was open and obvious to the plaintiff since the plaintiff must prove some negligence on part of the defendant before recovery may be had. On the other hand, if the defendant and the plaintiff were both at fault in causing or attributing to the harm, then damages can be determined through the comparative negligence of both.

*Tharp,* 641 So. 2d at 24.

¶19. ***Tharp's*** authority extends to cases (including the case before us today) in which the plaintiff alleges the defendant was negligent in creating or failing to repair a dangerous condition, and the defendant alleges the dangerous condition was open and obvious.[2] Both plaintiff and defendant are claiming the other was negligent. In such cases, the jury must consider the alleged negligence of both and apply the comparative negligence standard. This was the exact holding in ***Tharp.***

¶20. A landowner owes an invitee the duty "to keep the premises reasonably safe and[3] when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view." ***Massey v. Tingle,*** 867 So. 2d at 239 (quoting ***Corley v. Evans,*** 835 So. 2d 30, 37 (Miss. 2003); ***Caruso v. Picayune Pizza Hut, Inc***., 598 So. 2d 770, 773 (Miss. 1992)). These two duties - (1) to keep the premises reasonably safe, and (2) to warn of hidden dangers – are separate. The breach of either duty supports a claim of negligence. Each must be separately analyzed.

¶21. There were no hidden dangers in this case. As a matter of law, The Hairbender's failure to warn of open and obvious dangers was not negligent. The Hairbender had no duty to warn of open and obvious dangers. This leaves only the question of whether The Hairbender fulfilled its duty to keep its premises in a reasonably safe condition.

---

[2]Other than an open and obvious hazard which was created by the defendant and/or was negligently maintained, we can think of no other factual setting in which the holding in ***Tharp*** would have relevance.

[3]Here, the word "and" is used, which suggests both, not one or the other.

¶22.     In briefing the trial court in support of its Motion for Summary Judgment, The Hairbender recognized this Court's holding in *Tharp,* but nevertheless urged the trial court to ignore *Tharp*[4] and apply the holding of *Nolan v. Brantley,* 767 So. 2d 234 (Miss. Ct. App. 2000), which The Hairbender characterized as "more recent caselaw" from the Court of Appeals. In *Nolan,* the plaintiff was injured when he fell in a hole while mowing his mother's grass. He filed suit, claiming his injuries were due to a dangerous condition. The jury returned a verdict for the defendant, and Nolan appealed, claiming inter alia the jury instructions misstated the law.

¶23.     In analyzing Nolan's assignment of error, the Court of Appeals stated: "There is no liability for injuries where the condition is not dangerous <u>or</u> where the condition is, or should be, know or obvious to the invitee. *King v. Dudley*, 286 So. 2d 814, 816 (Miss. 1973)."*Nolan v. Brantley*, 767 So. 2d at 240 (emphasis added).

¶24.     It is true that in 1973 when *King v. Dudley* (cited by the Court of Appeals in *Nolan*) was decided the "open and obvious" defense served as a complete bar to recovery by the plaintiff. Indeed, the *Tharp* majority recognized as much by stating, "Mississippi, however, <u>until today</u>, still employs the complete defense of a danger being open and obvious." *Tharp v. Bunge,* 641 So. 2d 20, 25 (1994)(emphasis added). Thus, regarding this point of law, reliance on either *King v. Dudley* or *Nolan v. Brantley* is misplaced, as *Tharp* has not been overruled by this Court.

---

[4]Specifically, after The Hairbender recognized that *Tharp* overruled prior cases, it stated to the trial court: "However, in the instant case, the Defendant relies on more recent case law [citing *Nolan*]." We reject The Hairbender's implication that a Court of Appeals decision preempts or, indeed, overrules this Court's decision in *Tharp*.

¶25. The Hairbender urges us to view this duty to warn, and the duty to keep the premises in a reasonably safe condition, as an "either/or" alternative: **either** *the landowner must make the premises reasonably safe*, **or** *warn the invitee of a dangerous condition that is not in plain view, and where the dangerous condition is open and obvious the landowner need do nothing further*. This view, if accepted, would allow owners and occupiers of premises to refuse or neglect to repair dangerous conditions on their property by simply pointing out that the dangers were open and obvious. Following this logic, brown motor oil spilled on a store's white floor would be an open and obvious danger. Therefore, the store could have no liability for failing to clean up the motor oil since its presence on the white floor would be "open and obvious."

¶26. In explaining why a defendant should not be shielded from all liability for injuries caused by open and obvious hazards, the *Tharp* Court stated:

> It is anomalous to find that a defendant has a duty to provide reasonably safe premises and the same time deny a plaintiff recovery from a breach of that same duty. The party in the best position to **eliminate a dangerous condition** should be burdened with that responsibility. If a dangerous condition is obvious to the plaintiff, then surely it is obvious to the defendant as well. The defendant, accordingly, should alleviate the danger.

*Tharp,* 641 So. 2d at 25 (emphasis added).

¶27. Despite this crystal clear language from *Tharp*, we are now told by The Hairbender that landowners with open and obvious hazards on their property can have no legal duty to cure the problem, that is (to borrow language from *Tharp*), to "eliminate a dangerous condition." We do not agree. That a dangerous condition may be open and obvious has no nexus to a landowner's alleged negligence for allowing the hazard to remain. And it does not eliminate

9

the landowner's duty to maintain the premises in a reasonably safe condition. The question of whether an owner or occupier of a premises was negligent for failure to repair an alleged dangerous condition is ordinarily for the jury to decide. The duty to maintain the premises in a reasonably safe condition has not changed.

¶28. To the extent Mayfield's case is based upon an allegation that The Hairbender failed to maintain its premises in a reasonably safe condition by its negligent failure to repair the raised asphalt, the fact that the hazard was "open and obvious"does not serve as a complete bar to recovery. In the event Mayfield convinces the jury that the raised asphalt constituted a dangerous condition which The Hairbender negligently failed to repair, the jury may find The Hairbender liable. However, the jury must compare The Hairbender's negligence for failure to repair the dangerous condition, to Mayfield's negligence for failing to protect herself from injury caused by an open an obvious hazard, and reduce its award, if any, to Mayfield accordingly. Again, this exactly follows this Court's holding in *Tharp.*

¶29. Viewing the facts in the light most favorable to Mayfield, a genuine issue of material facts exists as to whether The Hairbender negligently failed to maintain its premises in a reasonably safe condition. Summary judgment - to the extent it applied to Mayfield's claim of negligent failure to maintain the premises in a reasonably safe condition - was improper and is reversed and remanded.

## CONCLUSION

¶30. For these reasons, we affirm the summary judgment on Mayfield's failure to warn claim. We reverse the summary judgment on the failure to maintain the premises/comparative

10

negligence claim and remand this case for further proceedings consistent with this opinion on that claim.

¶31.  **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR.  DIAZ, J., NOT PARTICIPATING.**