## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-00471-SCT

*ANITA MAYFIELD*

*v.*

*THE HAIRBENDER*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2004 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GREGORY W. HARBISON |
| ATTORNEY FOR APPELLEE: | GOODLOE TANKERSLEY LEWIS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 03/10/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This is a trip-and-fall case which requires us to review the duty an owner or occupier of premises owes to invitees to maintain their premises in a reasonably safe condition.

### BACKGROUND FACTS AND PROCEEDINGS

¶2.     While making a delivery to The Hairbender salon, Anita Mayfield tripped on uneven pavement. She described the condition as asphalt that was "pushed up, probably jutted up two inches over the bottom step" of the stairs into The Hairbender. Mayfield claims that, as a result of the fall, she suffered injuries.

¶3.     Mayfield filed suit against The Hairbender in the Circuit Court of Calhoun County, Mississippi, claiming that The Hairbender negligently failed to repair the pavement in the

parking lot, negligently failed to adequately warn her of the broken pavement, and otherwise negligently caused her injuries.

¶4.    The Hairbender filed a motion for summary judgment, claiming that the broken portion of pavement was in "plain view" and that, in any case, Mayfield was aware of it. The Hairbender further claimed it only had a duty to warn of dangers not in plain view and that under Mississippi law, an owner of premises is not liable for injuries resulting from a condition of which the invitee was aware.

¶5.    The trial court granted The Hairbender's motion for summary judgment, and Mayfield now appeals.

## ANALYSIS

¶6.    This Court reviews summary judgments de novo. *Massey v. Tingle*, 867 So.2d 235, 238 (Miss. 2004) (citing *Hardy v. Brock*, 826 So.2d 71, 74 (Miss. 2002); *Heirs & Wrongful Death Beneficiaries of Branning ex rel. Tucker v. Hinds Cmty. Coll. Dist*., 743 So.2d 311, 314 (Miss. 1999)). The facts are viewed in light most favorable to the nonmoving party. *Id.* (citing *Robinson v. Singing River Hosp. Sys*., 732 So.2d 204, 207 (Miss. 1999)). The existence of a genuine issue of material fact will preclude summary judgment. *Id.* The non-moving party may not rest upon allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues of fact for trial. *Id.* (citing *Richmond v. Benchmark Constr. Corp.*, 692 So.2d 60, 61 (Miss. 1997)).

¶7.    Mayfield claims that The Hairbender was negligent in its maintenance of the pavement and that it had a duty to warn her of the danger. We shall examine both theories.

*i. Failure to Warn and the "Open and Obvious" Danger Theory*

¶8.　Mississippi has abolished the open and obvious theory as an absolute defense in premises liability cases. ***Tharp v. Bunge Corp.***, 641 So.2d 20, 25 (Miss. 1994). In ***Tharp*** this Court stated:

> The "open and obvious" standard is simply a comparative negligence defense used to compare the negligence of the plaintiff to the negligence of the defendant. If the defendant was not negligent, it makes no difference if the dangerous condition was open and obvious to the plaintiff since the plaintiff must prove some negligence on part of the defendant before recovery may be had. On the other hand, if the defendant and the plaintiff were both at fault in causing or attributing to the harm, then damages can be determined through the comparative negligence of both.

***Id.*** at 24. ***Tharp***'s authority, however, extended only to claims other than breach of the duty to warn. We addressed the issue in ***Vaughn v. Ambrosino***, 883 So. 2d 1167, 1170 (Miss. 2004):

> With respect to the [failure to warn claim], however, it would be strange logic that found it reasonable to allow a plaintiff to pursue a claim against a defendant for failure to warn of an open and obvious danger. One would struggle, indeed, to justify the need to warn a plaintiff of that which was open and obvious. Stated differently, a warning of an open and obvious danger would provide no new information to the plaintiff. Stated still another way, a thing warned of is either already known to the plaintiff, or it's not. If it's already known to the plaintiff, then the warning serves no purpose. If it is not already known to the plaintiff, then the thing warned of was not open and obvious in the first instance. Thus, an invitee may not recover for failure to warn of an open and obvious danger.

***Id.*** at 1170 - 71.

¶9.　The Hairbender also cites ***Wilson v. Allday***, 487 So.2d 793 (Miss. 1986), in which this Court stated:

> The established law in this state is that the owner, occupant or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable

3

condition or of warning invitee of dangerous conditions not readily apparent which owner knows or should know of in the exercise of reasonable care. However, the owner, occupant or person in charge of property is not an insurer of the safety of an invitee--where the invitee knows or should know of an apparent danger, no warning is required.

*Id.* at 795-96 (citing *Downs v. Corder*, 377 So.2d 603 (Miss. 1979); *J.C. Penney Co. v. Sumrall*, 318 So.2d 829 (Miss. 1975); *Jackson Ready-Mix Concrete v. Sexton*, 235 So.2d 267 (Miss. 1970))(internal quotations & citations omitted).

¶10. The uneven pavement outside of The Hairbender was an open and obvious danger. Mayfield admitted as much in her deposition. She testified that she had "probably" been to The Hairbender six or seven times before this incident and that she had seen the uneven pavement. She also testified that she had pointed out the condition of the pavement to one of her co-workers and had commented that it was dangerous. She further admitted that at the time of the accident, she was aware of the broken pavement and that she knew she needed to be careful when she walked over it.

¶11. It is clear that the condition of the pavement was open and obvious and in plain view. All that is required to negate the duty to warn is that the danger be open and obvious, suggesting that the plaintiff either knew or should have known of it. Here, the undisputed evidence established that Mayfield actually knew of the danger. Therefore, warning Mayfield of the uneven pavement would have served no purpose because she already knew about it. Consequently, The Hairbender may not be held liable for failing to warn Mayfield about the uneven pavement, and summary judgment on Mayfield's failure to warn claim was properly granted.

   *ii. Failure to Maintain the Premises and Comparative Negligence*

¶12. A landowner owes an invitee the duty "to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Massey v. Tingle*, 867 So. 2d at 239 (quoting *Corley v. Evans*, 835 So.2d 30, 37 (Miss. 2003); *Caruso v. Picayune Pizza Hut, Inc.*, 598 So.2d 770, 773 (Miss. 1992)). These two duties – (1) to keep the premises reasonably safe, and (2) to warn of hidden dangers – are separate, and must be analyzed under different tests. The duty to warn has already been discussed. We turn now to the duty to keep the premises in a reasonably safe condition.

¶13. The Hairbender urges us to view this duty as an "either/or" alternative: **either** the landowner must make the premises reasonably safe, **or** warn the invitee of a dangerous condition that is not in plain view. This view, if accepted, would allow owners and occupiers of premises to completely escape liability for their negligent conduct by establishing that the plaintiff was also negligent in failing to heed the warning. In explaining why an open and obvious danger does not shield a defendant from all liability for negligence, in *Tharp* we held:

> It is anomalous to find that a defendant has a duty to provide reasonably safe premises and at the same time deny a plaintiff recovery from a breach of that same duty. The party in the best position to eliminate a dangerous condition should be burdened with that responsibility. If a dangerous condition is obvious to the plaintiff, then surely it is obvious to the defendant as well. The defendant, accordingly, should alleviate the danger.

*Tharp*, 641 So.2d at 25.

¶14. The same is true whether the danger is hidden or open and obvious. The duty to warn of a dangerous condition does not eliminate the duty to maintain the premises in a reasonably safe condition. To the extent that Mayfield's case is based upon an a failure by The Hairbender to maintain its premises in a reasonably safe condition, the "open and obvious" defense does

5

not apply, and the doctrine of comparative negligence should be applied under *Tharp*. Viewing the facts in the light most favorable to Mayfield, a genuine issue of material fact exists as to whether The Hairbender negligently failed to maintain its premises in a reasonably safe condition. Summary judgment to the extent it applied to Mayfield's claim of a failure to maintain the premises in a reasonably safe condition was improper and is reversed.

## CONCLUSION

¶15.  For these reasons, we affirm the summary judgment on Mayfield's failure to warn claim. We reverse the summary judgment on the failure to maintain the premises/comparative negligence claim and remand this case for further proceedings consistent with this opinion on that claim.

¶16.  **AFFIRMED IN PART; REVERSED AND REMANDED IN PART**.

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**