933 So.2d 992 (2006)
Barbara Jean GOFF and Henry Goff, Appellants
v.
James E. COE, O.D., Individually and Premier Eye Clinic, P.A., A Mississippi Corporation, Appellees.
No. 2004-CA-02281-COA.
Court of Appeals of Mississippi.
January 17, 2006.
Rehearing Denied April 11, 2006.
Certiorari Denied July 20, 2006.
*993 Robert E. O'Dell, Pascagoula, attorney for appellants.
Scott Corlew, Pascagoula, attorney for appellees.
Before MYERS, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Barbara Jean Goff and Henry Goff ("the Goffs") brought a personal injury action, with a derivative action for loss of consortium, in the Circuit Court of Jackson County against James E. Coe ("Coe") and Premier Eye Clinic, P.A. ("Premier"). The trial judge granted Coe's and Premier's motion for summary judgment, and the Goffs now appeal. Finding no error, we affirm.

FACTS
¶ 2. On or about April 26, 2001, the Goffs visited Premier in order to have Barbara Jean Goff's eyes examined by Coe and to procure eyeglasses. During the course of the Goffs' visit, Barbara Jean Goff allegedly fell while attempting to sit on a rolling stool provided for in the preexamination screening. The stool had rollers on the bottom, had no handles, and had a ring near the bottom to support the legs, but was otherwise an ordinary stool. When Barbara Jean Goff attempted to sit on the stool, it allegedly "scooted" out from underneath her, causing her to fall to the floor and suffer injuries, including broken ribs. Barbara Jean Goff alleges that she received no warning or assistance in sitting on the stool. Additionally, Barbara Jean Goff did not complain of her injury to anyone at Premier on the day the alleged injury occurred.

STANDARD OF REVIEW
¶ 3. This Court reviews a trial court's grant of summary judgment under a de novo standard. Owens v. Thomae, 904 So.2d 207, 208(¶ 7) (Miss.Ct.App.2005). For summary judgment to be proper, "there must exist no genuine issues of material fact, and the moving party must be entitled to judgment as a matter of law." Mozingo v. Scharf, 828 So.2d 1246, 1249(¶ 5) (Miss.2002). If any genuine issue of material fact exists, summary judgment is improper and we will reverse the decision of the trial court. Id. at 1249-50(¶ 5).

ISSUES AND ANALYSIS
¶ 4. In analyzing premises liability, a court must first look to whether the injured party, at the time of the injury, was an invitee, licensee, or trespasser. Estate of White ex rel White v. Rainbow Casino-Vicksburg P'ship, 910 So.2d 713, 718(¶ 15) (Miss.Ct.App.2005). After determining the status of the injured party, we must next determine what duty was owed to that party by the premises owner/business operator. Id. Here, it is undisputed that Barbara Jean Goff was a business invitee. "The owner or operator of business premises owes a duty to an invitee to exercise reasonable care to keep the premises *994 in a reasonably safe condition and, if the operator is aware of a dangerous condition, which is not readily apparent to the invitee, he is under a duty to warn the invitee of such condition." Jerry Lee's Grocery, Inc. v. Thompson, 528 So.2d 293, 295 (Miss.1988). When a dangerous condition is caused by the premises owner's or business operator's own negligence, it is not required that a plaintiff show that the owner/operator had knowledge of such condition. Id.
¶ 5. In Tharp v. Bunge, 641 So.2d 20, 25 (Miss.1994), our supreme court abolished the "open and obvious" defense to premises liability, applying instead our true comparative negligence standard. The court in Tharp stated:
This Court should discourage unreasonably dangerous conditions rather than fostering them in their obvious forms. It is anomalous to find that a defendant has a duty to provide a safe premises and at the same time deny a plaintiff recovery from a breach of that same duty. The party in the best position to eliminate a dangerous condition should be burdened with that responsibility.
Id.
¶ 6. In Vaughn v. Ambrosino, 883 So.2d 1167, 1170-71 (¶¶ 11-12) (Miss.2004), the court reaffirmed the holding of Tharp, but went on to clarify the status of that defense, stating:
It would be useful to pause here and distinguish a dangerous condition, from a claim that the defendant failed to warn of a dangerous condition. Tharp applies to the former. With respect to the latter, however, it would be strange logic that found it reasonable to allow a plaintiff to pursue a claim against a defendant for failure to warn of an open and obvious danger. One would struggle, indeed, to justify the need to warn a plaintiff of that which was open and obvious. Stated differently, a warning of an open and obvious danger would provide no new information to the plaintiff. Stated still another way, a thing warned of is either already known to the plaintiff, or it's not. If it's already known to the plaintiff, then the warning serves no purpose. If it is not already known to the plaintiff, then the thing warned of was not open and obvious in the first instance. Thus, an invitee may not recover for failure to warn of an open and obvious danger.
¶ 7. In the case sub judice, the pertinent evidence presented to the trial judge was that: (a) on the Goffs' visit to Premier, Barbara Jean Goff was provided a stool to sit on in the preexamination screening; (b) the stool had no handles, had rollers on the bottom, and was otherwise an ordinary stool; (c) Barbara Jean Goff's short stature and obesity gave her difficulty in sitting on the stool; (d) no one warned Barbara Jean Goff about sitting on the stool or assisted her in sitting on the stool; and (e) the stool allegedly "scooted" out from underneath Barbara Jean Goff when she attempted to sit on it, allegedly causing her to fall to the floor and receive injuries which included broken ribs. Viewing this evidence in the light most favorable to the Goffs, we cannot say that the trial judge erred in granting summary judgment for Coe and Premier. There was no evidence that the stool was defective or unreasonably dangerous. Nor was there any evidence that some other unreasonably dangerous condition existed which caused the stool to move from underneath Barbara Jean Goff when she attempted to sit on it. A premises owner or business operator is not the insurer of a business invitee's safety. See Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss. 1992). Therefore, we find that the trial *995 court did not err in granting summary judgment to Coe and Premier on the premises liability claim. We further affirm the trial court's grant of summary judgment concerning Henry Goff's claim of loss of consortium, as such claims are purely derivative. Daulton v. Miller, 815 So.2d 1237, 1241(¶ 17) (Miss.Ct.App.2001).
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.