# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-00702-SCT

*DEEPAK JASCO, LLC, NARINDER KAUR, AND*
*JASPAL SINGH*

*v.*

*LURETHA GREEN PALMER, ON BEHALF OF*
*HERSELF AND AS ADMINISTRATRIX OF THE*
*ESTATE OF CHARLES T. GREEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2021 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | JOHN CURTIS HALL, II |
| | OMAR LAMONT NELSON |
| | JAY MARSHALL ATKINS |
| | MASON SCOTT MONTGOMERY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JAY MARSHALL ATKINS |
| | MASON SCOTT MONTGOMERY |
| ATTORNEY FOR APPELLEE: | JOHN CURTIS HALL, II |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 04/13/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal considers the denial of summary judgment on a premises liability claim based on negligent security.

¶2.     On September 17, 2017, Charles Green was stabbed and killed. His body was found in a parking lot in front of an abandoned building. Deepak Jasco, LLC, owned and operated a convenience store in the adjacent lot. The convenience store was located at 1034 West

Woodrow Wilson Drive in Jackson.[1]

¶3.    Luretha Green Palmer, Green's sister and the executrix of his estate, filed a wrongful-death lawsuit and asserted a claim for premises liability based on negligent security. The circuit judge denied the motion for summary judgment, and this Court granted an interlocutory appeal.

¶4.    First, we consider the standard of review.  In ***Karpinsky v. American National Insurance Co.*** this Court ruled:

> We review the grant or denial of a motion for summary judgment de novo, viewing the evidence "in the light most favorable to the party against whom the motion has been made."
>
> . . . .
>
> Summary judgment is appropriate and "shall be rendered" if the "pleadings, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Importantly, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him."
>
> This Court has explained that "in a summary judgment hearing, '[t]he burden of producing evidence in support of, or in opposition to, the motion . . . is a function of [Mississippi] rules regarding the burden of proof at trial on

---

[1] Three properties were at this location that were separately owned.  The properties identified at 1034 and 1038 West Woodrow Wilson Drive were owned by Defendants Narinder Kaur and Jaspal Singh and were leased to Defendant Deepak Jasco, LLC. The property identified as 1046 West Woodrow Wilson Drive was owned by Hardy Crudup, who is not a party. These three properties make up a conjoined shopping center that share a parking lot.

2

the issues in question.'" "The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law." "The movant bears the burden of *production* if, at trial, he would [bear] the burden of proof on the issue raised." In other words, "the movant only bears the burden of production where they would bear the burden of proof at trial." Furthermore, "summary judgment 'is appropriate when the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."'"

*Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88-89 (Miss. 2013) (some alterations in original) (footnotes omitted) (citations omitted).

¶5.     Second, we consider the governing law:

To recover on a negligence claim, a plaintiff must show that the defendant breached a particular duty owed to the plaintiff, and that the breach of duty proximately caused damages. And while it is true that those in control of real property have a duty, if reasonably possible, to remedy most dangerous conditions on their property and to warn of those they cannot eliminate, that duty presupposes the defendant knows, or should know, of the dangerous condition.

        Where the alleged dangerous condition is the threat of an assault, "[t]he requisite cause to anticipate the assault may arise from (1) actual or constructive knowledge of the assailant's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence exists on the premises."

*Kroger Co. v. Knox*, 98 So. 3d 441, 443 (Miss. 2012) (alteration in original) (footnotes omitted) (citations omitted).

¶6.     Here, as in *Knox*, Palmer does not allege that the defendants had actual knowledge of the violent nature of Green's attacker and offers no affidavit or evidence to establish this element. Instead, Palmer argues that Defendants were aware of an atmosphere of violence

3

on their premises. Palmer offered her affidavit that "[t]he Jasco in question has had a history of crime, including assaults, robberies, and murders on its premises and in the surrounding area in which they were aware of." Also, at the hearing, Palmer's counsel argued that the trial judge might be "familiar with this particular Jasco was always in the news. I'm sure you've prosecuted, not [trial judge], but the prosecution, criminal prosecutions have occurred before this Court at that Jasco."

¶7.    The **Knox** Court held that the general conclusion "that crime occurs throughout the I-55 corridor [in Jackson]" was insufficient to establish an atmosphere of violence. **Id.** at 444. Here, Palmer makes similar nonspecific allegations that lack support by any competent or admissible evidence. Moreover, "[u]nder Mississippi law, bare assertions are simply not enough to avoid summary judgment." **Travis v. Stewart**, 680 So. 2d 214, 218 (Miss. 1996). Here, Palmer has simply failed to offer any evidence, other than her general statement that Deepak Jasco, LLC, operates a convenience store in crime-ridden area, that is sufficient to establish knowledge of an atmosphere of violence. In **Knox**, the Court ruled that to allow this premises liability claim to proceed without more "would be nothing short of strict liability for injuries caused by the criminal activity of third parties." **Knox**, 98 So. 3d at 444 (citing **Crain v. Cleveland Lodge 1532, Ord. of Moose, Inc.**, 641 So. 2d 1186, 1191 (Miss. 1994)). Since Palmer has failed to offer any competent or admissible evidence to establish an atmosphere of violence through police records of other instances of crime at or near the property in question, we can only conclude that Palmer failed to meet her burden of

4

production. Therefore, Defendants were entitled to summary judgment.

¶8.     Next, Palmer insists that summary judgment was properly denied because there was a genuine issue of a material fact in dispute about whether Green was killed on Defendant's premises at 1034 West Woodrow Wilson Drive and whether Deepak Jasco, LLC, exercised possession and control over the portion of the common parking lot where Green died from his injuries.

¶9.     Palmer cites two cases to support her position.  First, in *Wilson v. Allday*, this Court found that the lessee occupied and controlled the parking lot because its employees went onto the lot several times a day to collect carts and invited customers and employees to park there, despite that the parking lot was not a part of the lease agreement. *Wilson v. Allday*, 487 So. 2d 793, 798 (Miss. 1986), *overruled on other grounds as stated in Adams v. Hughes*, 191 So. 3d 1236 (Miss. 2016). Second, Palmer cites *Ray v. Blockbuster, Inc.*, in which the Court of Appeals found that because the store allowed its customers and employees to use the parking lot, because its lease contained a insurance and indemnification clause surrounding the parking lot, and because the pothole at issue in the case was located close to the store's entrance, there was a legal question about whether Blockbuster owed a duty to warn of known dangerous conditions. *Ray v. Blockbuster, Inc.*, 9 So. 3d 422, 425-26 (Miss. Ct. App. 2008).

¶10.    Both *Wilson* and *Ray* are accident cases.  Here, Palmer was not involved in an accident on premises owned by Defendants Deepack Jasco, LLC, Kaur, or Singh.  Instead,

he was stabbed by a third party. Neither *Wilson* nor *Ray* applies here.

¶11. Also, Palmer has failed to offer sufficient evidence to establish that the crime and Green's death occurred on the premises owned or operated by Defendants Deepak Jasco, LLC, Kaur, or Singh. Instead, Defendants argue that Green died on property that was adjacent to but not owned or operated by Defendants. Defendants offered the affidavit of Don Garner, a land surveyor for H.D. Lang & Associates. Garner surveyed the properties of 1034, 1038, and 1046 West Woodrow Wilson Drive, he located the property lines, and he ascertained ownership based on Hinds County tax records. Garner testified that, based on his investigation, Green died on the property located at 1046 West Woodrow Wilson Drive, "at the property owned by Hardy Crudup." Garner's opinion was supported by the Hinds County land records and the Jackson Police Department's photos of the crime scene. In addition, Singh provided an affidavit that he owned lots 1034 and 1038 but that he does not own lot 1046.

¶12. Based on de novo review, we find that Palmer has failed to meet her burden in response to Defendants' motion for summary judgment. Palmer has also failed to show any evidence that Defendants had actual or constructive knowledge that an atmosphere of violence existed on the premises or that Green's death was on the property owned or operated by Defendants. Therefore, we find there is no genuine issue of material fact in dispute and that Defendants are entitled to summary judgment.

¶13. **REVERSED AND RENDERED.**

6

**KITCHENS AND KING, P.JJ., COLEMAN AND ISHEE, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, C.J., BEAM AND CHAMBERLIN, JJ.**

**MAXWELL, JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶14.    I agree with the majority that Palmer failed to meet her burden to survive summary judgment.  All Palmer presented to establish her negligent-security claim was her affidavit.  And based on *Kroger v. Knox*, 98 So. 3d 441, 444 (Miss. 2012), Palmer's bare, general assertions about a "history of crime" are not sufficient to establish the essential element that Deepak Jasco knew or should of known that an atmosphere of violence existed on its premises.

¶15.    But I would end the analysis there.  I would not—as the majority does—address Deepak Jasco's alternative claim that Green was not in fact stabbed on its premises.  The exact location of Green's fatal stabbing is a disputed fact that this Court should not delve into at the summary-judgment stage.  And we *need* not delve into it because, even if Palmer could prove Green was stabbed on Deepak Jasco's premises, she cannot establish constructive knowledge of an atmosphere of violence.

¶16.    Therefore, I concur in part and in result.

**RANDOLPH, C.J., BEAM AND CHAMBERLIN, JJ., JOIN THIS OPINION.**

7